UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) Criminal No. 11-186-S-DLM |
| v. | ) |
| | ) |
| **JOSEPH CARAMADRE** | ) |
| | ) |
| and | ) |
| | ) |
| **RAYMOUR RADHAKRISHNAN** | ) |
| | ) |
| Defendants. | ) |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO
DEFENDANT RADHAKRISHNAN'S MOTION FOR EXCLUSION OF TIME
AND DEFENDANT CARAMADRE'S MOTION FOR A SPEEDY TRIAL**

The United States of America, by and through its undersigned attorneys, hereby responds to Defendant Raymour Radhakrishnan's Motion for the Exclusion of Time and Defendant Joseph Caramadre's Demand for a Speedy Trial. For the reasons set for herein, the Government recommends the Court grant defendant Radhakrishnan's Motion to Exclude Time.

**PROCEDURAL BACKGROUND**

The grand jury returned an Indictment against the defendants on November 18, 2011. Summonses were issued, and the defendants were arraigned together on November 30, 2011. At the arraignment, defendant Radhakrishnan made an oral motion pursuant to 18 U.S.C. § 3161 to exclude six months from the Speedy Trial Clock for purposes of reviewing discovery, researching and preparing motions, and otherwise

1

investigating avenues of defense. The government acknowledged that the case was complex and that an exclusion of time was warranted, but suggested the Court order a more conservative exclusion of three months, with leave for the defendant to seek additional time if necessary.

At the same arraignment hearing, defendant Caramadre requested additional time to obtain counsel to represent him. The Court did not issue an arraignment order, and scheduled a hearing on both issues for December 14, 2011.

At the December 14, 2011 hearing, counsel for Radhakrishnan renewed Radhakrishnan's Motion To Exclude Time. On December 15, 2011, Radhakrishnan filed a written Motion to Exclude Time further developing his request.

At the December 14, 2011 hearing, defendant Caramadre, appearing pro se, made an oral motion demanding a speedy trial. Defendant Caramadre also made an oral motion for appointed counsel pursuant to the Criminal Justice Act, 18 U.S.C. §3006A. The Court ordered Caramadre to complete a financial affidavit in order to consider the motion and to brief the Court on whether, as an attorney and member of the bar of this Court, he was eligible for appointed counsel.

The government requested permission to review any financial affidavit submitted by Caramadre. The Court ordered the government to file a memorandum citing the authority in support of its request. The Court also directed the parties to brief the Court on the implications

of one co-defendant demanding a speedy trial while his co-defendant requests that time be excluded in order to prepare adequately for trial.  The Court did not enter an arraignment order, but directed the government to commence issuing discovery.

On December 16, 2011, Caramadre submitted a letter to the Court, withdrawing his request for appointed counsel and indicating that he has been able to negotiate a financial arrangement with private counsel.[1]  Also on December 16, 2011, Caramadre filed, pro se, a written Motion For Speedy Trial.

On December 19, 2011, Attorneys James McCormack and Michael Lepizzera entered their appearances on behalf of Caramadre.  Counsel for the government consulted with Attorney Lepizzera before the filing of this response.  Mr. Lepizzera indicated that no decision had been made as to whether Caramadre would continue to press his speedy trial request now that he is represented. Accordingly the government is responding under the assumption the motion will be pressed.  A hearing is scheduled for December 22, 2011.

### **CURRENT STATUS OF THE SPEEDY TRIAL CLOCK**

The "Speedy Trial Clock" commences upon the date of the filing of the Indictment or the initial appearance of the defendant(s) before a judicial officer, whichever is later.  18 U.S.C. §3161(c)(1); United States v. Munoz-Amado, 182 F.3d 57, 60 (1st Cir. 1999).  Accordingly,

---

[1] Since this issue is now moot by virtue of Caramadre's withdrawal of his request for appointed counsel, the government does not address the issue in this response.

the Speedy Trial Clock commenced on the date of arraignment: November 30, 2011.  However, any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt resolution of, such motion" is excluded from the Speedy Trial Clock pursuant to 18 U.S.C. §3161(h)(1)(D).  Since one or both defendants have had pre-trial motions pending at all times since arraignment, zero days have elapsed on the Speedy Trial Clock.

### RADHAKRISHNAN'S MOTION TO EXCLUDE

Defendant Radhakrishnan requested six months to review discovery, research and file pretrial motions, and otherwise investigate avenues of defense.  The government does not dispute any of the rationales underlying Radhakrishnan's request.  This is a significant and relatively complex fraud case.  It is undeniable that a reasonable period of time is necessary for the defendants to adequately prepare for trial.  The government agrees with Radhakrishnan that the case is sufficiently complex to fall within the ambit of 18 U.S.C. § 3161(h)(7)(B)(ii), which states in pertinent part that in determining whether to grant a continuance, the Court can consider "whether the case is so unusual or so complex...that it is unreasonable to expect adequate pretrial preparation...within the limits established" by the Speedy Trial Act[2].

Any period of delay resulting from a continuance granted by a

---

[2] While preparing discovery following the December 14, 2011 hearing, the government calculated that the number of pages to be produced to the defendants in discovery exceeds 500,000.

4

judge at the request of a defendant or his counsel is excluded from the Speedy Trial Clock if the Court finds that the ends of justice served by such a continuance outweigh the best interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A); United States v. Mitchell, 723 F.2d 1040, 1043 (1st Cir. 1983).  There is no "magic number" as to how much time is necessary in this case, and the government recognizes that Radhakrishnan's request is not unreasonable. The government simply suggests that in order to balance the rights of both the public and the defendants to a speedy trial, a continuance of three months, with leave to seek additional time if necessary, is appropriate.

## CARAMADRE'S MOTION FOR A SPEEDY TRIAL

Caramadre has filed, pro se, a Motion For A Speedy Trial. Radhakrishnan, as noted above, has requested a six month continuance. Assuming, arguendo, that the Court grants Radhakrishnan a continuance for some period, any delay attributable to such a continuance is excluded from the Speedy Trial Clock for both defendants.

"A reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted" is excluded from the Speedy Trial Clock. 18 U.S.C. § 3161(h)(6).  "The effect of this provision is that a unitary 'Speedy Trial Clock' is applied to all defendants: an exclusion of time for one defendant is applicable to all." United States v. Payden, 620 F.Supp. 1426, 1427 (S.D.NY 1985).  See also

United States v. Mitchell, 723 F.2d 1040, 1043 (1st Cir. 1983) (recognizing unitary clock rule in other Circuits); United States v. Culpepper, 898 F.2d 65, 66-67 (6th Cir. 1990).

Moreover, in the absence of a motion for severance, and its subsequent denial, the unitary clock is used without regard to reasonableness. Payden at 620 F.Supp. 1429; see also, e.g., United States v. Sarro, 742 F.2d 1286, 1299 (7th Cir. 1984),(constitutional speedy trial claim dismissed because 144 day delay was reasonable and not prejudicial and defendant at no time moved to sever his case), cert. denied 496 U.S. 868(1985).

"There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count. Fed.R.Crim.P. 8(b); United States v. Sutherland, 929 F.2d 765, 778 (1st Cir. 1991).

As defendants Caramadre and Radhakrishnan are presumptively properly joined, Radhakrishnan's reasonable request for a continuance should be granted and the Speedy Trial Clock tolled with respect to both defendants. Any other ruling would, in effect, allow co-defendants to circumvent the established body of law regarding joinder

and severance by simply having one co-defendant request a speedy trial while the other requests a continuance. "The Speedy Trial Act was not meant to be applied so as to give gamesmanship priority over the practicalities of effective trial management." United States v. Rush, 738 F.2d 497, 503 (1st Cir. 1984).

## CONCLUSION

For the reasons set forth herein, the government does not object to Radhakrishnan's Motion to Exclude Time, but respectfully requests the continuance be for three months with leave to request additional time if necessary. Whatever reasonable period of delay the Court finds to result from such a continuance will apply to all defendants, and therefore not violate the public or Caramadre's speedy trial rights.

Respectfully submitted,
PETER F. NERONHA
UNITED STATES ATTORNEY

/s/ John P. McAdams
JOHN P. McADAMS
Assistant U. S. Attorney

LEE H. VILKER
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

**CERTIFICATE OF SERVICE**

    I, hereby certify that on this 19th day of December, 2011, I caused the within Government's Consolidated Response to Motion Exclude Time and Motion for Speedy Trial to be served via the Court's Electronic Filing System on:

**For Joseph Caramadre:**
Michael J. Lepizzera, Esq.
James T. McCormack, Esq.

**For Raymour Radhakrishnan:**
Olin Thompson, Esq.

/s/John P. McAdams
John P. McAdams
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
John.p.mcadams@usdoj.gov