UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA          )
                                  )
        VS.                       )          CR No. 11-186-02 S
                                  )
RAYMOUR RADHAKRISHNAN             )

_____

MOTION TO CONTINUE

Now comes Raymour Radhakrishnan, the accused in the above captioned matter, and moves this Honorable Court to Continue the date of Trial in this matter to late October, 2012 for purposes of exchange and review of discovery, investigation, and the research and filing of pretrial motions. The time requested in excludable under the Speedy Trial Act, 18 U.S.C. 3161 et seq.  Mr. Radhakrishnan submits the attached memorandum in support of this request.

Respectfully submitted
Raymour Radhakrishnan
By his attorney,

/s/ Olin Thompson #5684
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
olin_thompson@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Lee Vilker and John McAdams, Assistant United States Attorneys, on February 13, 2011

/s/ Olin Thompson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 11-186-02 S |
| | ) | |
| RAYMOUR RADHAKRISHNAN | ) | |

_____

MEMORANDUM IN SUPPORT OF MOTION FOR EXCLUSION OF TIME


Mr. Radhakrishnan has moved  this Honorable Court to Continue the date of Trial in this matter to late October, 2012 for purposes of exchange and review of discovery, investigation, and the research and filing of pretrial motions.  The time requested in excludable under the Speedy Trial Act, 18 U.S.C. 3161 et seq.  Mr. Radhakrishnan submits the attached memorandum in support of this request.

The continuance is appropriate under the Speedy Trial Act.   this Honorable Court to Continue the date of Trial in this matter to late October, 2012 for purposes of exchange and review of discovery, investigation, and the research and filing of pretrial motions.  The time requested in excludable under the Speedy Trial Act, 18 U.S.C. 3161 et seq.  Mr. Radhakrishnan submits the attached memorandum in support of this request.


The Speedy Trial Act (the "Act") considers as time to be excluded in computing the time within which a trial must commence "any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant . . . if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."   18 U.S.C. 3161(h)(7)(A).

The Act also describes the factors the judge is obligated to consider when a continuance is sought:

(7)(B) The factors, among others, which a judge *shall* consider [emphasis added] in determining whether to grant a continuance under subparagraph (A) of this paragraph as follows:

>   (i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

>   (ii)  Whether the case is so unusual or so complex, due . . . the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
>   . . .
>
>   . . .

>   (iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny . . . counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence

There can be no doubt that this case qualifies as a complex one for which an extended time of preparation will be needed to prepare for the lengthy anticipated trial, and which would result in a miscarriage of justice if defendant was not allowed sufficient time to adequately prepare.

After a two and one-half year investigation involving members of the United States Attorney's Office and investigators from the Federal Bureau of Investigation, Postal Service, Securities and Exchange Commission, and others, Mr. Radhakrishnan has been indicted in a sixty-six (66) count, seventy-two (72) page indictment charging him and a co-defendant with wire fraud, mail fraud, conspiracy, identity fraud, aggravated identity fraud, and money laundering. The indictment contains reference to three unindicted co-conspirators. It names four corporate entities that allegedly acted as intermediaries between "customers" (alleged identity fraud victims) and insurance companies (alleged wire fraud victims). It names twenty separate corporate entities that appear to be alleged wire fraud victims. It names forty more separate

corporate entities as "bond issuers", also apparently alleged wire fraud victims.  Another eight "brokerage houses" are named which allegedly played some role in the offenses.  Twenty-six private citizens have been listed as potential victims of identity fraud and/or participants in the investment schemes.  Another five are named as aggravated identity fraud victims.

Upon information and belief the government's response to the Defendant's Request for Discovery will contain paper and electronic files comprised of more than 200,000 pages of documents relating to the various charges.  The government was permitted to engage in pre-charging depositions in this matter which will also be part of discovery.  Moreover, the indictment describes wrongdoing in complex financial transactions which will take substantial time for counsel to familiarize himself with, and will likely require multiple expert witnesses for both the government and the defense at trial.  Even the most basic preparation would require interviewing and investigating the one hundred and three separate corporate and civilian alleged victims, and at least that many separate bystander witnesses and non-"victim" investors.

The Government has indicated that it anticipates a three to four month trial for the presentation of its case-in-chief.  The Defendants anticipate a substantial defense case.

The requested period should be granted and ordered excludable for purposes of Speedy Trial computation.

Respectfully submitted
Raymour Radhakrishnan
By his attorney,


/s/ Olin Thompson #5684
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
olin_thompson@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Lee Vilker and John McAdams, Assistant United States Attorneys, on February 13, 2012

/s/ Olin Thompson