UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

United States of America

Vs.                                           CR 11-186 01 S

Joseph Caramadre
And Raymour Radhakrishnan

**MEMORANDUM OF DEFENDANT JOSEPH CARAMADRE IN SUPPORT
OF MOTION TO SUPPRESS RULE 15 DEPOSITIONS**

The Court is well aware of the issues surrounding the Government's taking of pre-indictment depositions in this case after having reviewed extensive submissions by the Government and the objectors, considered vigorous oral argument on the points, and then rendering a scholarly and thoughtful decision (in re: Grand Jury Proceedings, 697 F. Supp. 2d 262) although, a decision with which Defendant respectfully disagrees. (Because these depositions were taken pre-indictment, there were no "Defendants" then, but there were "targets". Some of the targets have become unindicted co-conspirators, which is why there are now fewer Defendants than there were objectors to the depositions at that time.)

The objectors filed an appeal of this Court's decision to the First Circuit, which was denied as being interlocutory. Therefore, in order to preserve Defendant's challenge to the taking of these depositions, Defendant has filed this motion to suppress, on all of those grounds and reasons asserted by the objectors in connection with the Government's motion to take the depositions. Defendant respectfully incorporates by reference the following prior submissions:

1. Memorandum of Law of target Edward L. Maggiacomo, Jr.
   In opposition to Government's motion to take depositions
   pursuant to Rule 15 of the Federal Rules of Criminal Procedure.
   Submitted by Attorney Anthony M. Traini filed under seal
   9/18/09

2. Memorandum of Law In Support of the Objection of Joseph
   A. Caramadre to the Government's Notice of Motion to take
   Depositions pursuant to Rule 15 of the Federal Rules of Criminal
   Procedure submitted by Attorney Robert G. Flanders, Jr.
   9/18/09

1

      3. Supplemental Memorandum of Law of Edward L. Maggiacomo, Jr. in Opposition of Government's motion to take depositions pursuant to Rule 15 of the Federal Rules of Criminal Procedure Submitted by Attorney Anthony M. Traini on 9/21/09

      4. Letter from Attorney Robert G. Flanders, Jr. to the Honorable William E. Smith dated September 20, 2009.

Defendant also respectfully adopts those arguments made by the Attorneys for objectors at the hearing before the Honorable William E. Smith on this motion, and also incorporates the written objections of counsel submitted at the subject depositions as an exhibit.[1]

On the basis of these previously made arguments, Defendant respectfully now moves to suppress these depositions as evidence at his trial. In addition, Defendant asserts the following reasons as grounds for this motion.

### Use of The Depositions At Trial Could Constitute An Improper Use of The Grand Jury

In addition to the previously made arguments as grounds for suppression of these depositions, Defendant also argues that the use of these depositions as evidence in his trial would be unlawful as an impermissible use of the grand jury as a prosecution tool. The Government had argued that Rule 15 is applicable to a "criminal proceeding" which

---

[1] Caramadre points out that the "close call" made by this Court in granting the Government's application to take Rule 15 depositions was based on erroneous facts. See In re Grand Jury Proceedings 697 F.Supp. 2d 262, 275 (D. R.I. 2010) ("This is without question a close call."). The Government misstated to the Court that the names of 112 terminally ill individuals were used as measuring lives on corporate bonds and annuities. The Government claimed there were exceptional circumstances warranting the Rule 15 depositions since only 9 out of the 112 measuring lives were alive and available to give testimony. The Government went on to tell the Court that a crime may go undetected without the preservation of their testimony. The Government's version of the facts was not accurate at all. Caramadre suggests that it was such an early stage of the investigatory proceeding that not only was the defense ill prepared to confront witnesses but that the Government wasn't properly oriented to its own case. It was Caramadre's cooperation during the course of the investigation which alerted the Government that a total of 156 persons responded to a newspaper ad and received a philanthropic gift of $2,000.00 for merely responding to the ad. Of the 156 individuals who responded to the ad, 112 individuals did **not** participate as a measuring life with respect to an investment vehicle. Moreover, as the indictment points out, this universe of 156 individuals represents just a subset of persons who were somehow possibly connected to the use of measuring lives in various financial instruments. The advertisement to which these 156 individuals responded to ran from approximately late 2007 to 2008. The indictment clearly speaks to transactions which go back more than 15 years which simply had nothing to do with advertisement. This was clearly not a case of the Government losing its right to prosecute if Rule 15 depositions were not allowed.

term includes grand jury proceedings. The Government asserted that the depositions were to be taken in furtherance of a grand jury proceeding: "As the rules of criminal procedure unquestionably govern grand jury proceedings, Rule 15 should be read to include depositions taken in furtherance of grand jury proceeding when exceptional circumstances are present." (Letter from Government to Honorable William E. Smith, dated September 17, 2009, page 2.) The Government reaffirmed the connection of the depositions to the grand jury proceeding by captioning the case "In Re: Grand Jury Proceedings". The Government has acknowledged that the depositions were sought before any evidence had actually been presented to the grand jury. (Government letter to the Court dated March 14, 2012). From this history it is clear that the Government used the grand jury as a tool to obtain pre-indictment depositions in this case.

Although the Defendant certainly accepts the Government's representation that none of the depositions were presented to the grand jury, the Defendant questions how well the grand jury could have been insulated from hearing any of the evidence disclosed in these depositions. For example, paragraph 140 of the indictment indicates that Defendants provided a false telephone number for a Patrick Garvey (one of the deponents). At Mr. Garvey's deposition he was specifically asked about his phone number at pages 39 and 40. In that paragraph of the indictment it is also alleged that Defendants "provided false information concerning (Garvey's) finances, investment experience and investment objectives." On pages 40-46 of his deposition he was pointedly asked about these specific facts as well. Defendant was also charged with identity fraud with respect to Mr. Garvey (Indictment, page 61, paragraph 173, line 35). At his deposition Mr. Garvey was specifically questioned about this:

> Q. What consent, if any, did you give to have your name, date of birth, and social security number used for Agostini Construction to open up an annuity with your name being used as the annuitant?
>
> A. None (Garvey, Deposition, Page 71)

These coincidences cause the Defendant to question how the grand jury was advised of these facts, and whether the grand jury was somehow tainted by exposure to evidence they should have never been exposed to.

It is clear that these depositions were evidence that the grand jury could never consider. The Court fully understood this in fashioning as a condition of the order that the Government could not use the depositions in the grand jury. (Opinion & Order, paragraph 6). The law concerning the role and function of the grand jury is well settled:

> The grand jury may not be used by the Government for pre-trial criminal discovery. United States v. Thompson, 944 F. 2d 1331, 1337 (7th Cir. 1991) *cert* denied (citation omitted); United States v. Jenkins, 904 F. 2d 549, 559 (10th Cir. 1990) cert denied (citation omitted); In re: Grand Jury Subpoena Duces Tecum dated January 2, 1985 (Simels), 767 F. 2d 26, 30 (2nd Cir) See also 8 J.P. Moore, Moore's Federal Practice 6.04 {5} at 6-86 (1984). In United States v. (Under Seal), 714 F. 2d 347, 349 (4th Cir. 1983) cert dismissed (citation omitted) The Fourth Circuit explained the rationale for this Rule: "[P]ractices which do not aid the grand jury in its quest for information bearing on the decision to indict are forbidden". In the matter of grand jury subpoenas issued May 3, 1984 for Walter B. Nash, III, Bertram Polix, Stephen G. Ralls, and Albert B. Freeman, Jr., 858 F. Supp. 132 (D. ARIZ. 1984)

Based on the established facts and the settled law, the Government used the grand jury process to accomplish that which is forbidden, that is, to use the grand jury to obtain evidence which could never have a bearing on the decision to indict or not to indict, but which evidence was intended solely for use at trial. Although this Court agreed that the Government should take the depositions, Defendant respectfully urges the Court not to allow the depositions to be used as evidence at trial.

### Defendants were Prejudiced by Not Having Been Given Notice of the Charges Against them Before Participating in the Depositions

One of the arguments asserted by the Targets in their objection to the Government's motion was that a pre-indictment deposition placed the burden on the Targets of defending a case in which the charges against them have not been specified. In a simple case, this deficiency may not present much of a problem, however, the instant case is not a simple case, and this deficiency certainly did present a problem to the Targets. The charges in this case involve several different crimes: mail fraud, wire fraud, conspiracy, identity theft, aggravated identity theft, money laundering and witness

tampering. The fact that the indictment comprises seventy two pages reaffirms the cases complexity. Was the Defendant prejudiced by the lack of notice of the charges against him? This question is answered by another question: How much better prepared for the depositions would the Defendant had been if he had had a copy of the indictment beforehand? The answer is self evident. If the Defendant had been made fully aware of all the charges against him and the alleged victims to whom these charges pertained, he could not only have prepared a more effective attack on the points the Government sought to make, but also could have been better prepared to bring out evidence in support of those facts consistent with his defense. Also, forcing a potential Defendant to cross examine an alleged victim before charges are even brought is fraught on with risk; if the Defendant asks the wrong question on cross it may provide evidence for additional charges to what Defendant would have faced had he been charged first.

The failure to provide Defendant with complete notice of the charges against him prior to these depositions (which are akin to trial testimony because that is their intended purpose), is a violation of due process under the Fifth Amendment because the Defendant is essentially asked to defend complicated and multiple criminal charges against him without adequate notice as to what these charges are. This argument was raised by the Targets in their opposition to the Government's motion, however, now that an indictment has been returned, and the depositions taken, the full scope of the unfairness to Defendant of using these depositions is now known. The remedy, and what the Defendant respectfully asks this Court to do, is to suppress all of the depositions, to preclude their use as evidence in this case.[2]

---

[2] The Defendant submits this memorandum of law in accordance with the February 15, 2012 Scheduling Order (Doc. 33) entered by this Court and the subsequent extension granted the defendants in this case to file motions to exclude the Rule 15 depositions from evidence. While Caramadre has moved at this time to exclude the use of the depositions at trial, this Defendant expressly reserves the right to renew the motion in the future if indeed the Court elects to overrule the instant Motion. Caramadre foresees at least two (2) other instances where the motion will or might be renewed. First, in the event the Court decides that the depositions are admissible at trial after hearing on this motion, the Court will thereafter be required to view the video depositions (or at least the transcripts) in order to rule on the individual objections lodged by the parties at each of the depositions. Caramadre suggests that the depositions may not be admissible if the Court winds up striking significant portions of the Government's direct examination of a witness after ruling on the defense's objections. Second, Caramadre will certainly renew the Motion to Suppress at the time of trial in order to preserve the record. Counsel is certainly not ready to start the trial and to confront witnesses. Counsel is in the process of combing through the voluminous Jencks materials and other discovery produced by the Government.

JOSEPH CARAMADRE
By his attorneys,

/s/ James T. McCormick
**James T. McCormick (#2614)**
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903-2814
(401) 831-2970
(401) 751-1797 (FAX)

## CERTIFICATION

I hereby certify that on March 15, 2012, a copy of the foregoing Memorandum of Defendant Joseph Caramadre in Support of Motion to Suppress Rule 15 Depositions was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

**/s/ James T. McCormick**