# GOVERNMENT EXHIBIT 2



U.S. Department of Justice

*United States Attorney*
*District of Rhode Island*

---

Fleet Center                                (401) 709-5000
50 Kennedy Plaza, 8th Floor          FAX (401) 709-5001
Providence, Rhode Island 02903

September 17, 2009

Honorable William E. Smith
United States District Judge
United States District Court
District of Rhode Island
United States Courthouse           **MATTER UNDER SEAL**
One Exchange Terrace
Providence, RI 02903

Dear Judge Smith:

This letter is intended to elaborate the government's position with respect to the request to conduct Rule 15 depositions of nine material witnesses. Because the proceedings are under seal and due to the expeditious nature of the government's request, the government is submitting a letter rather than a formal pleading.

### BACKGROUND

The grand jury is investigating a fraud scheme in which it appears that the targets of the investigation made material misrepresentations and omissions to terminally ill hospice patients in order to obtain their identity information and signatures for use on documents. These documents were then used to obtain lucrative financial instruments which paid substantial sums to the targets upon the death of the terminally ill person. In the interest of justice, the government seeks to obtain the depositions of nine material witnesses due to the exceptional circumstances of their likely death to preserve their testimony for a potential trial. The government proposes obtaining the depositions in accordance with F.R.Cr.P. 15 in order to protect the targets' Sixth Amendment rights.

### RULE 15 DEPOSITIONS

This Court has the authority to order the requested depositions. Rule F.R.Cr.P. 15(a)(1) provides that "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Rule 15(a), F.R.Cr.P.; see also Rule 15(a), F.R.Crim.P. advisory committee's note ("The principal objective is the preservation of evidence for use at trial."). A district court has the inherent jurisdiction to permit the taking of depositions in order to prevent injustice. United States v. Dockery, 50 F. Supp. 410 (E.D.N.Y. 1943).

The nature of the fraud scheme being investigated inherently renders material witnesses unavailable for any future criminal trial. Indeed, of the approximately 112 individuals identified by the government as victims in this fraud scheme, only the 9 sought to be deposed remain alive. These nine face terminal diagnoses or are elderly and in extremely bad health.[1] While "authority on the application of Rule 15(a) and the exceptional circumstances standard is sparse," United States v. Hajbeh, 284 F.Supp.2d 380 (E.D.VA 2003), it is difficult to conceive of any more "exceptional circumstances."

The decision to grant or deny a motion to take a deposition of a proposed witness for use at a criminal trial is committed to the discretion of the district court. United States v. Keithan, 751 F2d 9, (1st Cir. 1984); United States v. Mann, 590 F.2d 361 (1st Cir. 1978). Courts typically require a party seeking a deposition to establish both that the witness's testimony is material and that the witness will likely be unavailable to testify at trial. In this case, each of the proposed deponent's testimony is material because it is necessary to establish what, if any, material misrepresentations and/or omissions were made to each of them by the targets in furtherance of the fraud scheme. Moreover, none of them is likely to be available at trial as they are diagnosed with terminal illnesses or are extremely elderly and in bad health. Time is of the essence, and any delay could result in a serious miscarriage of justice, as it will inevitably result in the unavailability of the witnesses due to their near certain deaths.

### TAKING OF DEPOSITIONS PRE-INDICTMENT

Federal law authorizes the taking of pre-indictment depositions by the government in cases involving extraordinary circumstances. Fed.R.Crim.P. 1 provides that "These rules govern the procedure in all criminal proceedings in the United States District Courts, the United States Courts of Appeals, and the Supreme Court of the United States." The term "criminal proceeding" includes grand jury proceedings. United States v. Awadallah, 349 F.3d 42, 49-51 (2d Cir. 2003); Bacon v. United States, 449 F.2d 933, 939-41 (9th Cir. 1971) (same). As the Rules of Criminal Procedure unquestionably govern grand jury proceedings, Rule 15 should be read to include depositions taken in furtherance of a grand jury proceeding when exceptional circumstances are present.

Rule 15 depositions are exceedingly rare because "attendance of the witnesses at trial is the favored method of presenting testimony." United States v. Wilson, 601 F.2d 95 (3rd Cir., 1979). Given the rarity of Rule 15 depositions in the trial context, depositions will be even rarer in the grand jury context. However, it does not follow that since the depositions are rare, they are impermissible. The antipathy toward depositions is grounded on the inability of the factfinder to observe the demeanor of the deponent and the threat to the defendant's Sixth Amendment rights. United States v. Drougoul, 1 F.3d 1546, 1552 (11th Cir., 1993). In this case, live courtroom testimony is in all likelihood impossible and the proposed depositions are the best method to

---

[1] Although representations by counsel are sufficient to establish the unavailability of a witness as a ground for taking a deposition in a criminal case, United States v. Farfan-Carreon, 935 F.2d 678, 679 (5th Cir. 1991); United States v. Daniels, 194 F.R.D. 700, 702 (D. Kan., 2000) United States v. Marteau, 162 F.R.D. 364, 368 (M.D.Fla., 1995), the government intends to make an evidentiary showing at the pending hearing.

Case 1:11-cr-00186-S-PAS   Document 40-1   Filed 03/29/12   Page 4 of 6 PageID #: 244

09/17/2009 08:46 FAX 7095005          US-ATTORNEYS                    ☒005/006
Case 1:09-mc-00084-S *SEALED*  Document 5  Filed 09/18/09  Page 3 of 6 PageID #: 27

## TARGET'S OBJECTIONS

At the chambers conference, Counsel for the targets objected to the government's request to conduct depositions pursuant to Fed R. Cr. P. 15 because they believe as a "threshold issue" that the rules of criminal procedure do not permit pre-indictment depositions. Counsel cites no binding authority for the proposition that Rule 15 depositions are impermissible pre-indictment. Instead, counsel points to dicta in a dissenting opinion in a Ninth Circuit case. See United States v. Hayes, 231 F.3d 663, 676 (9th Cir. 1999) (Reinhardt, dissenting). The focus of both the majority and the dissent in that opinion was whether the pretrial depositions triggered the putative defendant's Sixth Amendment right to counsel. The majority held that it did not, and did not address the permissibility of pretrial depositions since the question was not before it. See id. at 673, footnote 6.

The other case counsel cites is United States v. McHan, 101 F.3d 1027 (4th Cir. 1996). In McHan, the defendant complained that the government had *not* sought a Rule 15 deposition when it knew that a material witness was terminally ill. Instead, the government called the witness to testify before the grand jury, then introduced the grand jury testimony under the residual hearsay rule. Defendant argued that his Sixth Amendment confrontation rights were violated. The Court rejected the argument, holding that "absent any suggestion that the government intentionally procured a declarant's unavailability for trial, ...[the Confrontation Clause is not violated]." Id. at 101 F.3d 1037. Again in dicta, the court made two inconsistent observations with respect to Rule 15. Compare id. at 101 F.3d 1037, "When the government knows that a witness will be unavailable, it has the choice of seeking to preserve the witness' testimony under Federal Rule of Criminal Procedure 15, or relying at its own risk on its ability to introduce hearsay (such as the witness' grand jury testimony), or losing the benefit of the witness' testimony altogether," with id. at 101 F.3d 1038 "Federal Rule of Criminal Procedure 15 speaks only of depositions by 'a party' of 'a prospective witness of a party.' Because in this case, McHan had not yet been indicted or charged when [the witness] testified before the grand jury, Rule 15 was not an available avenue for preserving [the witness'] testimony."

Moreover, McHan was decided prior to Crawford v. Washington, 541 U.S. 36 (2004), which is now the seminal Confrontation Clause case. In this case, the government seeks to *protect* the target's Confrontation Clause rights by using the procedures outlined in Rule 15. Neither Hayes nor McHan are binding on this Court, and they should not be persuasive for the proposition that Rule 15 depositions are impermissible as there is little or no reasoning behind them.

## CONCLUSION

Finally, to the extent that the Court believes the use of Rule 15 depositions in this context to be a close question, the Court should err on the side of permitting the depositions. If the depositions proceed, any error can be remedied at later stage in the proceedings (if any result) by virtue of a motion to suppress. If on the other hand, the depositions are not allowed to proceed,

4

preserve the defendant's Sixth Amendment rights.

Courts have approved the use of pre-indictment depositions. See, e.g., United States v. Hayes, 231 F.3d 663, 666 (9th Cir., 2000)("The government asked for (and got) court approval to take material witness depositions" prior to indictment). In United States v. Sharif, "the government deposed three witnesses regarding the defendants' complicity in the criminal charge" the day before they were indicted. 343 F. Supp.2d 610, 612(E.D.MI. 2004). At least one noted scholar has cited Hayes for the proposition that the government may use Rule 15 Depositions in a pre-indictment setting. Wright and Herring, Federal Practice and Procedure Ch 5, Section 243.

In fact, 18 U.S.C. § 3144 goes so far as to permit the government to have material witnesses arrested and detained in order to secure their testimony via deposition. The material witness statute provides in part: "If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of [Title 18]. No material witness may be detained ... if the testimony of such witness can adequately be secured by deposition..."

Fed R. Cr. P. 46(h) provides that the district court must supervise the detention of material witnesses to eliminate any unnecessary detention and that, as part of that supervisory role, an attorney for the government must "report biweekly to the court, listing each material witness held in custody for more than 10 days *pending indictment*, arraignment, or trial. For each material witness listed in the report, [the AUSA] must state why the witness should not be released with or without *a deposition being taken under Rule 15(a)*." (Emphasis added).

Surely the law could not *require* the government to arrest a material witnesses in order to depose them. Here, the government considers the proposed deponents to be material witnesses and could seek material witness warrants for them, which is what the government did in United States v. Sharif, 343 F. Supp. 2d 610, 617 (E.D. MI 2004). Given the extremely sensitive circumstances related to their illnesses and the fact that they are potential victims, and in order to protect the targets' Sixth Amendment rights under the Confrontation Clause, the government has instead chosen to seek the Court's permission to depose the witnesses according to the procedures outlined in Rule 15.

Having a witness testify before the grand jury might help obtain an indictment, but if the government is unable to secure the witness's presence for the trial, his grand jury testimony will be unusable at trial in light of Crawford v. Washington, 541 U.S. 36 (2004). In this case, depositions pursuant to the procedures outline in Rule 15 are the best means for balancing the grand jury's right to obtain evidence and protecting the target's rights under the Confrontation Clause.

3

the result could be a serious miscarriage of justice.[2] In United States v. Mann, 590 F2d 361 (1st Cir. 1978) the First Circuit stated that "we do not mean to suggest that courts should be fearful to exercise their proper fully informed discretion to allow a deposition. When the question is close a court may allow a deposition in order to preserve a witness' testimony, leaving until trial the question of whether the deposition will be admitted as evidence. At that time, if the witness proves unavailable, the court may have before it a more complete information base. F.R.Crim.P. 15(e) accords no presumption of admissibility simply because the deposition was taken. The party requesting the deposition cannot escape its burden of taking all reasonable steps to bring to trial a witness whose testimony the party chooses to present. And the major harm to the other party's interests does not occur unless the deposition is admitted." 590 F2d 361 at 366-367.

For the reasons identified above, the Court should grant the government's motion to take Rule 15 depositions.

Respectfully submitted,

PETER F. NERONHA
UNITED STATES ATTORNEY

By: _____
John P. McAdams
Lee H. Vilker
Assistant United States Attorneys

cc: Robert Flanders, Esq.
Anthony Trainee, Esq.

---

[2] Unfortunately, the targets have all too clear a motive for delay. In a meeting at the U.S. Attorney's Office yesterday, counsel for Mr. Caramadre went so far as to state that they were considering filing a complaint against the government attorneys with the Office of Professional Responsibility for conducting an improper investigation.

5