UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 11-186-S |
| ) | |
| JOSEPH CARAMADRE and ) | |
| RAYMOUR RADHAKRISHNAN ) | |
| Defendants ) | |

DEFENDANT JOSEPH CARAMADRE'S MOTION TO SEVER
WITH INCORPORATED MEMORANDUM OF LAW

Defendant Joseph Caramadre hereby moves this Honorable Court that his trial be severed from the trial of co-defendant Raymour Radhakrishnan (Mr. Radhakrishnan), and for further relief as requested herein. In support hereof, the defendant relies on the following memorandum of law.

FACTS

On or about August 1, 2012, the Court received from the co-defendant in this matter, Mr. Radhakrishnan, a notice of intent to proceed pro se.[1] A hearing was held on the matter on August 7, 2012.[2] After the Court determined that it was in fact Mr. Radhakrishnan's intention to represent himself (as opposed to merely being dissatisfied with his then counsel) [Tr. 3:19-4:10], the Court explained in painstaking detail that the process of representing oneself in a case like this one is complicated and difficult and would place Mr. Radhakrishnan in a precarious position. Specifically, the Court made it clear that by undertaking his own representation, Mr.

---

[1] A copy of the notice is attached hereto as Exhibit 1.

[2] The court decided to hold a hearing sua sponte, and also received a motion for a hearing from the government. See Transcript 8/7/12 (hereinafter Tr. at __), at 2:13-16. [A copy of the Transcript is attached as Exhibit 2].

1

Radhakrishnan would be required to follow the Federal Rules of Evidence, among other things, and that by failing to follow the rules, he would "put [himself] in jeopardy." Tr. 5:13. More specifically—and more relevant to this motion, the Court said:

> You can make and I will tell you I think it's likely that if you represent yourself you will make a mistake, and you will likely make a serious mistake during the course of the trial. And if you do that, it could irrevocably damage your case in front of the jury and there will likely be nothing that you can do about that once you make that mistake.

Tr. 5:11-19.

After Mr. Radhakrishnan advised the Court that he believed he would not make such a mistake, the Court went on to say:

> Well, let me tell you something, experienced attorneys who know a lot more than you do about what's going on here make mistakes in trials. And sometimes they make serious mistakes. I can virtually guarantee you you're going to make some mistakes in this trial. I don't know what they're going to be, but I know you're going to make mistakes; and if you do, there's no getting that back. If you're hurt by it, you have to live with it.

Tr. 6:3-11.

The Court also noted that even with the appointment of then counsel (Mr. Thompson) as stand-by counsel, such a mistake might not be avoidable. Tr. 6:21-25. Even after hearing the government outline the potential penalties in the event of a conviction, Mr. Radhakrishnan was still not dissuaded, causing the Court to go further:

> Now, I have to just tell you from my experience and from my heart that I've presided over a number of pro se trials. Every single one of them has been a disaster for the defendant. I've never seen a pro se defendant do a good job representing himself. I firmly believe you're making a very serious mistake by doing this. I think you stand the potential of doing serious harm to yourself if you do this. ***…I really believe you're making a mistake and I ask you to please reconsider what you've decided to do here, because my job is to make sure there's a fair trial and to make sure that defendants are treated fairly by the system. I don't have a dog in this fight other than to make sure that you and Mr. Caramadre get a fair trial, and I just feel I've seen enough and I know enough to know when I can see somebody's making a terrible mistake and that's what you're about to do.

2

> \* \* \*  I'm happy to do whatever it takes to try to keep you from making what I think is a terrible mistake here.

Tr. 11:12-12:13.

Although Mr. Radhakrishnan maintained his position, the Court's opinion was made very clear—that Mr. Radhakrishnan will make some serious mistakes that will adversely affect a fair trial in this matter. While the Court was directing these comments to Mr. Radhakrishnan, unfortunately, the expected mistakes before the jury will certainly have a deleterious impact on Mr. Caramadre as well.

LAW

At the outset, Mr. Caramadre recognizes that the mere fact that a co-defendant is proceeding pro se is not in itself a ground for severance. United States v. DeMasi, 40 F.3d 1306, 1313 (1st Cir. 1994), cert. denied, sub nom. Bonasia v. United States, 513 U.S. 1132 (1995). There must be some demonstration of actual prejudice before the jury, or some evidence of "compelling prejudice" which results from the pro se representation. Id. By necessity, the situations giving rise to the prejudice occur while the trial is in progress.[3] See, e.g., United States v. Celestin, 612 F.3d 14, 21-22 (1st Cir. 2010). But see, United States v. Walker, 142 F.3d 103, 109 (2nd Cir.), cert. denied, 525 U.S. 896 (1998) (acknowledging that district court would have been forced to sever counseled defendants' trial from that of pro se defendant because of latter's lack of legal skills). See also, United States v. Von Spivey, 895 F.2d 176 (4th Cir. 1990).

The standard of review for motions to sever is abuse of discretion. Zafiro v. United States, 506 U.S. 534, 539 (1993). It is therefore necessary that a defendant raise this issue at the first opportunity lest it be considered waived [see, e.g., United States v. Tracy, 12 F.3d 1186,

---

[3] Obviously, such an event would require that the court declare a mistrial, at least as to the defendant so prejudiced. In this case, one of the principal concerns of the court is to avoid a mistrial because of the length of time this trial is expected to take, and the costs associated with it.

1194 (2nd Cir 1993) ("... Tracy made no complaint about being tried with [the pro se co-defendant] until the sentencing stage of the case. Any severance claim was thus waived.")], or be subject to plain error review [see, e.g., United States v. Jarrett, 684 F.3d 800, 803-804 (8th Cir. 2012) ("... Jarrett could have anticipated the effects of [the co- defendant's pro se representation prior to trial and asked for a severance on that ground. She did not. [resulting in plain error review]")]. In the present case, the Court's remarks are certainly sufficient to cause Mr. Caramadre to anticipate the effects of Mr. Radhakrishnan's pro se representation. Counsel also expect that motions for mistrial and severance issues will be raised often during the course of the trial, but should be made on a platform which has included a pre-trial request for severance in order for the abuse of discretion standard to be applicable on review.[4]

      The defendant recognizes that it may be that "[t]he motion to sever is due to be denied because it anticipates developments at trial" United States v. Snipes, 2007 WL 2572198, *4 (M.D.Fla. 9/5/07), app. dism., 512 F.3d 1301 (11th Cir. 2008), and while the Court will likely deny the motion without prejudice to renewal at trial if sufficient circumstances are present to warrant mistrial or severance (id., at *5), it is also true that certain steps can be taken to control, to the extent possible, the adverse effects of what is clearly expected by the Court to be serious mistakes which could impact the Sixth Amendment rights of both defendants. The Court has already undertaken some of those measures by appointing stand-by counsel, and by warning Mr. Radhakrishnan that he must abide by the rules of evidence. Courts have also found it appropriate to further admonish a pro se co-defendant against "... speaking in the first person as though he

---

[4] If the court were to grant a mistrial, the parties (the court, the government and the defendants) will then be faced with at least two trials, and likely three (the initial trial which results in a mistrial and two severed trials of Mr. Caramadre and Mr. Radhakrishnan), which leads to an enormous expenditure of time and resources, as well as significant delays between trials. While there is no question that a severance now places a burden on the court and the government, that burden in all likelihood will not be avoided by denying this motion if Mr. Radhakrishnan continues to represent himself and if he makes the likely prejudicial errors the court has predicted.

were testifying, or voicing personal observations in his comments on the evidence." United States v. Sacco, 563 F.2d 552, 556-557, and fn. 7 (2nd Cir. 1977), cert. denied, 434 U.S. 1029 (1978).  Likewise,

> [i]n addition to the foregoing measures, and to avoid any ambiguity in the jury's mind about the unsworn statements of a pro se defendant, it should be made clear to the jury at the outset that anything he says in his "lawyer" role is not evidence against him or a co-defendant, and his remarks are to be regarded no differently than those of the attorneys in the case. The pro se defendant should also be specifically instructed beforehand that in any opening statement or summation he must avoid reference to co-defendants without prior permission from the Court, and should refrain from commenting upon matters not in evidence or solely within his personal knowledge or belief.

Id.  See also, United States v. Brown, 227 Fed.Appx. 795, 799-800 (11th Cir. 2007), reh. and reh. en banc den., 254 Fed.Appx. 804 (11th Cir. 2007), 255 Fed.Appx. 498 (11th Cir. 2007), cert. denied, 552 U.S. 937; United States v. Tobin, 676 F.3d 1264, 1292-1293 (11th Cir. 2012), pet. for cert. filed 7/10/12 (No. 12-5261) and 8/1/12 (No. 12-166).  This prospect, in particular, raises grave concern for Mr. Caramadre, since Mr. Radhakrishnan's unsworn statements made in his capacity as pro se counsel, rather than as a witness under oath, create the great likelihood, notwithstanding instructions to the contrary, that the jury will treat these statements as unchallenged and un-cross-examined testimony, in clear violation of Mr. Caramadre's Sixth Amendment right to confrontation.  See also, Crawford v. Washington, 514 U.S. 36 (2004). Compare, United States v. Celestin, 612 F.3d at 19-20; and United States v. Espinosa, 771 F.2d 1382, 1399-1400 (10th Cir.), cert. denied sub nom., Foreman v. United States, 474 U.S. 1023 (1985).  Given the allegations against Mr. Radhakrishnan, as expressed by the government in the indictment, Mr. Radhakrishnan's pro se representation will significantly increase the likelihood of un-cross-examined testimony reaching the jury.

The Court has already engaged in a thorough colloquy with Mr. Radhakrishnan about the dangers of self-representation.  He should also be advised that while his right to represent himself is absolute if elected prior to trial[5], that right may be terminated by the Court "if he deliberately fails to obey [the applicable rules] or engages in obstructionist misconduct."  Sacco, 563 F.2d at 557.

Because Mr. Caramadre agrees with the Court that Mr. Radhakrishnan will make serious errors at trial, and because he believes these errors will prejudice not only Mr. Radhakrishnan, but Mr. Caramadre as well, the defendant Joseph Caramadre has moved at this time that his trial be severed from that of his co-defendant in anticipation of the irremediable prejudice that will inevitably result to Mr. Caramadre, and the consequent deprivation of his Sixth Amendment rights to a fair trial and to confront witnesses.

Mr. Caramadre further moves that to the extent this motion is denied, any such denial be without prejudice to renewal at trial in appropriate circumstances, and further that Mr. Radhakrishnan be admonished and that the jury be instructed so as to minimize the possibility of such prejudice at trial.

Respectfully submitted,
JOSEPH CARAMADRE
By his Attorneys,

*/s/ Anthony M. Traini*
Anthony M. Traini (#4793)
56 Pine Street, Suite 200
Providence, RI 02903-2819
Tel: (401) 621-4700
Fax: (401) 621-5888
Email: amt@trainilaw.com

---

[5] See, Faretta v. California, 422 U.S. 806 (1976).  The Court acknowledged that the "Defendant is exercising his right.  I can't stop him."  Tr. at 13:22.

*/s/ Michael J. Lepizzera, Jr.*
Michael J. Lepizzera, Jr. (#4995)
LEPIZZERA & LAPROCINA, LTD.
117 Metro Center Boulevard, Suite 2001
Warwick, Rhode Island 02886
Tel. (401) 739-7397
Fax (401) 691-3558
Email:  mlepizzera@leplap.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2012, a copy of the foregoing Defendant Joseph Caramadre's Motion to Sever with Incorporated Memorandum of Law was filed electronically through the Court's CM/ECF System, and served by mail on anyone unable to accept electronic filing.

*/s/ Anthony M. Traini*
Anthony M. Traini
