UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal No. 11-186-S** |
| v.            ) | |
| ) | |
| **JOSEPH CARAMADRE**       ) | |
| ) | |
| and          ) | |
| ) | |
| **RAYMOUR RADHAKRISHNAN**  ) | |
| ) | |
| **Defendants.**        ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT CARAMADRE'S MOTION TO SEVER

The United States of America, by and through its undersigned attorneys, hereby opposes Defendant Joseph Caramadre's Motion to Sever. Because the harm Caramadre identifies is speculative and fails to meet the heavy burden required for severance, the motion should be denied.

### BACKGROUND

Defendants Joseph Caramadre and Raymour Radhakrishnan are charged in a sixty-six count indictment with wire fraud, mail fraud, conspiracy, identity fraud, aggravated identity theft, and money laundering. Caramadre is also charged with one count of witness tampering. Trial is scheduled to begin in November 2012 and expected to last three to four months, with approximately seventy-five to one

1

hundred witnesses.

In May 2012, Radhakrishnan moved for a severance, based on antagonistic defenses and prejudicial spillover effect. On July 25, 2012, the Court denied Radhakrishnan's Motion to Sever. See Opinion and Order, ECF No. 69. On August 2, 2012, Radhakrishnan filed a notice of Intent to Proceed Pro Se. ECF No. 73. The Court subsequently conducted a Faretta hearing and determined that Radhakrishnan's decision to proceed pro se was knowing, willing and voluntary. Caramadre now moves to sever, based on prejudice he anticipates will result from Radhakrishnan's pro se performance. For the reasons set forth below, the Motion to Sever should be denied.

Caramadre's Motion also requested the Court provide Radhakrishnan with additional warnings regarding his conduct during the trial. (Caramadre's Motion to Sever at 5-6). The government has no objection to the Court administering such additional warnings to Radhakrishnan, or to reminding Radhakrishnan that he has no obligation to continue representing himself pro se and may reconsider that decision and return to being represented by counsel.

## LAW

There is a strong presumption in favor of joint trials in the federal system. Zafiro v. United States, 506 U.S. 534, 537 (1993). The rule in the First Circuit is that "when multiple defendants are named in a single indictment, a defendant who seeks a separate trial

2

can ordinarily succeed in obtaining one only by making a strong showing of evident prejudice. The hurdle is intentionally high." United States v. Pena-Lora, 225 F.3d 17, 39 (1st Cir. 2000). Prejudice in this context means "more than just a better chance of acquittal at a separate trial." United States v. DeCologero, 530 F.3d 36, 52 (1st Cir. 2001). To overcome the presumption in favor of joint trial, a defendant must demonstrate "prejudice so pervasive that it would be likely to effect a miscarriage of justice." United States v. Sotomayor-Vazquez, 249 F.3d 1, 17 (1st Cir. 2001).

**ARGUMENT**

Caramadre's severance motion should be denied because it is entirely speculative. The current purpose of Caramadre's motion is apparently to preserve the abuse of discretion standard on appeal. (Caramadre' Motion to Sever at 3-4). Caramadre acknowledges, as he must, that the mere fact a co-defendant is proceeding pro se is not a basis for a severance. United States v. DiMasi, 40 F.3d 1306, 1313 (1st Cir. 1994). Otherwise, co-defendants could manipulate the law of joinder simply by one defendant proceeding pro se. A defendant must also show strong prejudice which resulted from the pro se representation, identifying specific instances which occurred before the jury. Id.

Caramadre makes no showing of evident prejudice. Caramadre points to warnings the Court gave to Radhakrishnan during the course

3

of the Faretta hearing, then speculates that the Court has concluded "that Radhakrishnan will make some serious mistakes that will adversely affect a fair trial in this matter." (Caramadre's Motion to Sever at 3). This interpretation overstates the import of the Court's warnings to Radhakrishnan. Radhakrishnan may well make mistakes which are contrary to his interest; it does necessarily not follow that the fairness of the trial or Caramadre's interest will be affected such that severance is required. The Supreme Court has held that "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Zafiro, 506 U.S. at 538-539. It is for this reason that Caramadre concedes that his motion to sever "is due to be denied because it anticipates developments at trial." (Caramadre's Motion to Sever at 4). Accordingly, the Motion to Sever should be denied.

    Notwithstanding the above, the government has no objection to the Court administering the additional warnings to Radhakrishnan suggested by Caramadre. Radhakrishnan should be given every opportunity to reconsider his decision to proceed pro se.

4

## CONCLUSION

For the reasons set forth herein, Defendant Caramadre's Motion to Sever should be denied.

Respectfully submitted,
PETER F. NERONHA
UNITED STATES ATTORNEY


/s/ John P. McAdams
JOHN P. McADAMS
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 7th day of September, 2012, I caused the within Government's Response to Defendant Caramadre's Motion to Sever to be served via the Court's Electronic Filing System on:

For Joseph Caramadre:
Michael J. Lepizzera, Esq.
Anthony M. Traini, Esq.

For Raymour Radhakrishnan:
Raymour Radhakrishnan, Pro Se Defendant
Olin Thompson, Esq., Standby Counsel

    /s/John P. McAdams
    John P. McAdams
    Assistant U.S. Attorney
    United States Attorney's Office
    50 Kennedy Plaza, 8th Floor
    Providence, RI 02903
    John.p.mcadams@usdoj.gov