UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) Criminal No. 11-186-S |
| v. | ) |
| | ) |
| **JOSEPH CARAMADRE** | ) |
| | ) |
| and | ) |
| | ) |
| **RAYMOUR RADHAKRISHNAN** | ) |
| | ) |
| Defendants. | ) |

### GOVERNMENT'S OBJECTION TO DEFENDANT CARAMADRE'S MOTION FOR LEAVE TO WAIVE JURY TRIAL

The United States of America, by and through its undersigned attorneys, hereby objects to Defendant Joseph Caramadre's *Motion For Leave To Waive Jury Trial*. Caramadre's attempt to avoid a jury trial in this case should be rejected because the harm he fears is entirely speculative, the plain language of Federal Rule of Criminal Procedure 23 requires the government's consent for a non-jury trial, and neither the Supreme Court nor any appellate court has ever approved a defendant's waiver of a jury over the government's objection.

### BACKGROUND

Defendants Joseph Caramadre and Raymour Radhakrishnan are charged in a sixty-six count indictment with conspiracy, wire fraud, mail fraud, identity fraud, aggravated identity theft, and money

1

laundering.  Caramadre is also charged with one count of witness tampering.

On August 2, 2012, co-defendant Radhakrishnan elected to represent himself.  For months prior to Radhakrishnan's decision to proceed *pro se*, Caramadre's defense team repeatedly indicated in conversations with the government and in chambers conferences with the Court that Caramadre would prefer a non-jury trial.  At every instance, the government indicated it would object to a non-jury trial.  After Radhakrishnan moved to proceed *pro se*, Caramadre filed a *Motion to Sever*, citing prejudice he anticipates will result from Radhakrishnan's *pro se* performance.  In an Order and Memorandum issued September 21, 2012, the Court denied Caramadre's *Motion to Sever*.[1]  Caramadre now seeks a bifurcated, non-jury trial over the government's objection, based on the same speculative prejudice Caramadre presumes will result from Radhakrishnan's *pro se* representation.

---

[1] Although the Court's written Order denying the *Motion to Sever* was issued subsequent to the filing of Caramadre's *Motion For Leave To Waive Jury Trial*, the Court had previously advised the parties in chambers that it was likely to deny the *Motion to Sever*. Moreover, in his *Motion to Sever* and in subsequent correspondence with the Court, Caramadre repeatedly acknowledged that the identified prejudice was speculative, and that severance was premature.

**ARGUMENT**

**I.   The Government's Consent is Required For a Non-Jury Trial.**

Federal Rule of Criminal Procedure 23 states:

> If the defendant is entitled to a jury trial, the trial must be by jury unless:
>
> (1) the defendant waives a jury trial in writing;
>
> (2) the government consents; and
>
> (3) the court approves.

F.R.C.P. 23(a).

Rule 23 was adopted in 1944 to codify the Supreme Court's holding in <u>Patton v. United States</u>, 281 U.S. 276, 312 (1930).  See <u>United States v. United States District Court for The Eastern District of California</u>, 464 F.3d 1065, 1069 (9th Cir. 2006).  In <u>Patton</u>, the Supreme Court held that it was permissible for a criminal defendant to consent to trial by a jury consisting of fewer than twelve people.  However, in so doing, the Court emphasized the pivotal role of trial by jury in the criminal context, particularly where the defendant is charged with a serious crime:

> Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, *but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to* the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion,

> *with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.*

Patton, 281 U.S. at 312-313 (emphasis added).

The constitutionality of Rule 23 was challenged in Singer v. United States, 380 U.S. 24 (1965). The defendant in Singer offered in writing to waive trial by jury. The trial court was willing to approve the waiver, but the government refused to consent. Id. at 25. The defendant was thus tried by jury and convicted, and his conviction was affirmed on appeal.

Before the Supreme Court, the defendant argued that, pursuant to the right to jury trial under Article III, section 2, of the Constitution and the Sixth Amendment, a criminal defendant has a "correlative right to have his case decided by a judge alone if he considers such a trial to be to his advantage." Id. at 25-26. The Supreme Court squarely rejected this argument, holding that "there is no federally recognized right to a criminal trial before a judge sitting alone." Id. at 34.

The Court then considered the argument that requiring the defendant's waiver to be conditioned upon the consent of the government and the trial judge violated the defendant's right to a fair trial or due process. Id. at 35. The Court held that it did not:

4

> We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury-the very thing that the Constitution guarantees him. The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as the most likely to produce a fair result.

Id. at 36.

Further, the Court stated that Rule 23(a) does not require that the government state its reason for refusing to consent to a defendant's jury waiver, since the law will presume that such refusal is not for an "ignoble purpose." Id. at 37.

## II. **The Singer Dicta Does Not Apply.**

In conclusion, the Singer Court remarked:

> *We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial.* Petitioner argues that there might arise situations where "passion, prejudice ... public feeling" or some other factor may render impossible or unlikely an impartial trial by jury. However, since petitioner gave no reason for wanting to forgo jury trial other than to save time, this is not such a case, and petitioner does not claim that it is. Id. at 37-38. (emphasis added).

Seizing this dicta, Caramadre recycles his severance argument

that Radhakrishnan's *pro se* performance is likely to cause such overwhelming prejudice that a fair trial is impossible. However, the Supreme Court has never determined whether the circumstances alluded to in <u>Singer</u> have ever actually existed- *i.e.*, where requiring a defendant to undergo trial by jury would infringe his constitutional right to a fair trial- nor has it ever decided what circumstances would create such an unusual situation. To the contrary, in at least one post-<u>Singer</u> opinion, the Court has characterized the requirement of government consent as absolute. <u>See</u> <u>Gannett Co., Inc. v. DePasquale</u>, 443 U.S. 368, 383 (1979).

Contrary to Caramadre's contention that "the law on the question before the Court is sparse and aged" (Motion to Waive Jury Trial at 5), in fact the law is recent and overwhelmingly against him. On mandamus review in 2006, the Ninth Circuit Court of Appeals collected the cases and observed that:

> Although lower courts have since assumed that <u>Singer</u> allows for an exception to the requirement of governmental consent to a jury waiver, no United States Court of Appeals appears to have approved a defendant's waiver of a jury over the government's objection. Indeed, the circuits that have considered this issue have uniformly upheld the trial courts' refusals to grant such waivers without governmental consent. *See* <u>United States v. Jackson</u>, 278 F.3d 769, 771 (8th Cir.2002); <u>DeLisle v. Rivers,</u> 161 F.3d 370, 389 (6th Cir.1998); <u>United States v. Van Metre</u>, 150 F.3d 339, 353 (4th Cir.1998); <u>United States v. Gabriel</u>, 125 F.3d 89, 94-95 (2d Cir.1997), *overruled on other grounds by* <u>Arthur Andersen LLP v. United States</u>, 544 U.S. 696, (2005); <u>United States v. Clark</u>, 943 F.2d 775, 784 (7th Cir.1991); <u>United States v. Sun Myung Moon</u>, 718 F.2d 1210,

6

>>1217-1219 (2d Cir.1983). See also *United States v. Clapps*, 732 F.2d 1148 (3d Cir.1984), *overruled on other grounds by* *McNally v. United States*, 483 U.S. 350, 360-61, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987).

<u>United States v. United States District Court for the Eastern District of California</u>, 464 F.3d 1065, 1070-1071 (2006).

In <u>Eastern District of California</u>, the defendants were charged with transporting minors in interstate commerce with the intent to engage in illicit sexual activity.  <u>Id.</u> at 1066.  The trial was expected to include evidence that the defendants had committed approximately ten years of ritualistic sexual abuse of their own minor children, including oral copulation, anal and vaginal intercourse, and other acts the children were forced to commit.  <u>Id.</u> at 1067.  The defense moved for a non-jury trial over the government's objection, citing the <u>Singer</u> dicta that "passion, prejudice and public feeling" would render a fair and impartial jury by trial impossible.  <u>Id.</u>  The 9th Circuit held that the District Court's decision to accept a waiver of jury trial over the government's objection was clearly erroneous as a matter of law and issued a writ of mandamus.  <u>Id.</u> at 1072.

The First Circuit, also on mandamus review, reversed and remanded a District Court's decision to grant a defendant's motion to bifurcate the possession element from the rest of the case in a felon in possession case.  See <u>United States v. Collamore</u>, 868 F.2d

24 (1st Cir. 1989)(abrogated on other grounds by United States v. Tavares, 21 F.3d 1 (1994). In Collamore, the First Circuit, quoting Singer, held that "the government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result- the jury." Id. at 28. The Court continued "If a Court believes there is insufficient evidence to convict, it may grant a motion to acquit, Fed. R. Crim. P. 29, or in the interest of justice, it may grant a new trial, Fed R. Crim. P. 33. It may not, however, otherwise tamper with the government's decision to have its case tried to a jury." Id.

Other Courts have reached the same result. See e.g., United States v. Van Metre, 150 F.3d 339, (4th Cir. 1998)(affirming denial of motion for non-jury trial without government consent); United States v. Gabriel, 125 F.3d 89 (2nd Cir. 1997), *overruled on other grounds by* Arthur Andersen LLP v. United States, 544 U.S. 696 (2005), (same); United States v. Martin, 7040F.2d 267 (6th Cir. 1983)(same); United States v. Morlang, 531 F.2d 183 (4th Cir. 1975)(same).

Caramadre relies heavily on United States v. Panteleakis, 422 F.Supp. 247 (D.RI 1976). In Panteleakis, which was not reviewed by the Court of Appeals, the District Court allowed a non-jury trial without the government's consent. Id. at 250. In so doing however, the Court noted that the case involved five defendants and "the trial

8

will unquestionably involve intricate rulings on the admissibility and inadmissibility of evidence as it relates to each particular defendant. <u>This is not a conspiracy case</u> and each defendant is entitled to the full benefit of rulings on evidence relating to hearsay, admissions, etc." <u>Id.</u> at 249 (emphasis added). As this Court recognized in its Order denying Caramadre's Motion to Sever, "joint trials are preferred in the federal system because they promote efficiency and serve the interests of justice by avoiding the inequity of inconsistent verdicts.[2] This is especially true in a conspiracy case." Order Denying Caramadre's Motion to Sever at 3 (internal citations and quotations omitted).

Moreover, although the government did not consent to a bench trial in <u>Panteleakis</u>, it did not dispute any of the reasons identified by the defendants in seeking a non-jury trial. 422 F.Supp. at 249. "The government has not attempted to rebut the inference that substantial prejudice is practically impossible to avoid." <u>Id.</u> at 250.

By contrast, here the government unequivocally disputes the speculative prejudice Caramadre identifies as flowing from Radhakrishnan's *pro se* representation. The presumed prejudice is purely speculative. As the Court observed in denying Caramadre's

---

[2] It bears noting that having fact finders for each defendant in the same trial could also lead to inconsistent verdicts.

9

Motion to Sever, "To conclude that any mistake Radhakrishnan might make in the future will prejudice Caramadre is pure speculation. Speculation and assumption, based solely on hypotheticals and what-ifs, are insufficient to sever a trial." Opinion and Order on Caramadre's Motion to Sever at 6. For the same reasons that severance is unwarranted, so too is it inappropriate to grant Caramadre a non-jury trial over the government's objection.

## **CONCLUSION**

For the reasons set forth herein, Defendant Caramadre's Motion For Leave To Waive Jury Trial should be denied.

```
                              Respectfully submitted,
                              PETER F. NERONHA
                              UNITED STATES ATTORNEY

                              /s/ John P. McAdams
                              JOHN P. McADAMS
                              Assistant U.S. Attorney

                              LEE H. VILKER
                              Assistant U.S. Attorney
                              U.S. Attorney's Office
                              50 Kennedy Plaza, 8th Floor
                              Providence, RI 02903
```

CERTIFICATE OF SERVICE

    I hereby certify that on this 21st day of September, 2012, I caused the within *Government's Objection to Motion For Leave To Waive Jury Trial* to be served via the Court's Electronic Filing System on:

For Joseph Caramadre:
Michael J. Lepizzera, Esq.
Anthony M. Traini, Esq.

For Raymour Radhakrishnan:
Raymour Radhakrishnan, *Pro Se*
Olin Thompson, Esq., Standby Counsel

    /s/John P. McAdams
    John P. McAdams
    Assistant U.S. Attorney
    United States Attorney's Office
    50 Kennedy Plaza, 8th Floor
    Providence, RI 02903
    John.p.mcadams@usdoj.gov