UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH CARAMADRE | ) | Criminal No. 11-186-S |
| | ) | |
| and | ) | |
| | ) | |
| RAYMOUR RADHAKRISHNAN | ) | |
| Defendants | ) | |

REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT JOSEPH CARAMADRE'S MOTION FOR LEAVE TO WAIVE JURY TRIAL

Defendant Joseph Caramadre replies to the government's objection to his Motion for

Leave to Waive Jury Trial as follows:

The defendant does not argue with the language of Rule 23.  It says what it says.  While

Mr. Caramadre does not agree with the government's interpretation of the Supreme Court cases

which have addressed the constitutional issues[1], the bottom line is that this Court has discretion

to overrule the government's objection.  United States v. Wright, 491 F.2d 942, 945 (6th Cir.),

cert. denied, sub nom. Crawford v. United States, 419 U.S. 862 (1974) ("Whether the facts and

circumstances of a case come within the exception suggested by the court in Singer[2], is in the

first instance a matter of discretion with the trial judge.").  See also, United States v. Ceja, 451

F.2d 399, 402 (1st Cir. 1971) ("Defendant has failed to establish that the court abused its

discretion in denying his request for a trial to the court."); United States v. Gore, 131 F.3d 152,

*2-3 (10th Cir. 1997) (denial of motion to waive jury reviewed for abuse of discretion); United

States v. Delaney, 214 Fed.Appx. 356, 358 (4th Cir.), cert. denied, 552 U.S. 830 (2007) (same);

---

[1]Those arguments have been made and preserved in the original memorandum and will not be repeated here.

[2]380 U.S. 24, 37-38 (1965).

United States v. Cardenas-Borbon, 629 F.Supp.2d 445, 447 (M.D.Pa. 2009) ("[a] district court possesses discretion to approve or disapprove a defendant's waiver of a jury trial notwithstanding mutual assent by the parties.")[3].   The dicta in Singer[4] is just as clear as its holding:  the Supreme Court expressly and specifically declined to decide that a defendant could never receive a bench trial over the government's objection.  Moreover, the First Circuit has expressly not ruled on this issue, and has therefore not held to the contrary.  See, Ceja, 451 F.2d at 402, fn. 2; United States v. Houghton, 554 F.2d 1219, 1226 (1st Cir.), cert. denied, 434 U.S. 851 (1977).[5]

The government's claim that the Supreme Court "has characterized the requirement of government consent as absolute", citing Gannett Co. v. DePasquale, 443 U.S. 368, 383 (1979), is overstated and contrary to Singer.  While Gannett found that jury trials are the "preferred mode of fact-finding in criminal cases"–not the only mode—it premised its finding on the "public interest" in having criminal cases decided by jury trials.  The public interest that was of paramount importance in Gannett will not be disserved here.  There will be a public trial before a

---

[3]Cardenas-Borbon, in a recent analysis of the jury waiver issue, found it important that the court

> . . . evaluate the reasons underlying defendant's request and should consider whether pretrial publicity or other circumstances could prevent defendant from receiving a fair trial. United States v. Clapps, 732 F.2d 1148, 1151 (3d Cir. 1984); United States v. Anderson, 704 F.2d 117 (3d Cir. 1983). It must also evaluate whether complexity of the case or the prejudicial nature of the evidence would impair defendant's ability to obtain a fair hearing or would result in juror confusion. Clapps, 732 F.2d at 1151; Saferstein, 2009 WL 1010501, at *2; see also 2 Charles Alan Wright, Federal Practice and Procedure § 372 (3d ed. 2000).

Cardenas-Borbon, 629 F.Supp.2d at 447.

[4]380 U.S. at 37-38.

[5]The government's reliance on United States v. Collamore, 868 F.2d 24 (1st Cir. 1989) is misplaced.  Collamore dealt with a defendant's request to bifurcate his trial with the court making certain findings of fact, while reserving other trial issues for the jury.  No such request is before the court here.  The government's reference to bifurcation is a red herring.
  More telling, however, is that the government's citation to Collamore actually undermines its position.  Collamore was essentially abrogated by the First Circuit's decision in United States v. Tavares, 21 F.3d 1 (1st Cir. 1994)(en banc).  In Collamore, the Court of Appeals had affirmed the government's right to reject a stipulation offered by a defendant and proceed with record evidence.  In Tavares, the Court reconsidered that position and thought better of it, overruling the district court's authority to reject a defense stipulation which would, if accepted, avoid undue prejudice.  In addition, Tavares noted that the trial court's strenuous efforts to ameliorate the harm with careful jury instructions failed, as was evident from the conviction.

jury simultaneously in Mr. Radhakrishnan's case.  Nothing will be done in secret.  The jury will

still hear all the evidence in the case.  The public interest in jury trials will still be served.  No

one's rights will be abridged.[6]

The defendant also does not dispute that there are no <u>reported</u> Court of Appeals decisions

affirming his position[7]; however, the government's citation to <u>United States v. United States</u>

<u>District Court for the Eastern District of California</u>, 464 F.3d 1065, 1070-1071 (9th Cir. 2006),

<u>cert. denied sub nom.</u> <u>Harrod v. U.S. Dist. Court for Eastern Dist. of California</u>, 551 U.S. 1133

(2007), is redundant and of no help to the court because there the court expressly preserved the

<u>Singer</u> exception.[8]  <u>Id.</u>, at 1071.  While Mr. Caramadre agreed, in his citation to <u>Doepel v. United</u>

<u>States</u>, 434 A.2d 449, 456-457 (D.C.App.), <u>cert. denied</u>, 454 U.S. 1037 (1981), that nearly every

case in which the jury waiver was sought did not meet the contours of the <u>Singer</u> exception, he

quite correctly pointed out that every case also acknowledged the exception, and that a district

court would know it when it saw one—as did Judge Pettine in <u>United States v. Panteleakis</u>[9], and

---

[6]Just as the government argues that the defendant has no constitutional right to waive a jury trial, the government has no constitutional right to insist on a jury.  <u>United States v. Reyes</u>, 8 F.3d 1379, 1390 (9th Cir. 1992).  The government's "rights" derive entirely from Rule 23, and while the defendant may not have a constitutional right to a waiver, he does have a constitutional right to a fair trial, trumping the government's rule-based "rights."

[7]But see footnote 11, below.

[8]The Court of Appeals said:

> . . . the Supreme Court in <u>Singer</u> observed: "We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial." <u>Singer</u>, 380 U.S. at 37, 85 S.Ct. 783. * * * Neither need we make such a determination.

<u>United States v. United States District Court for the Eastern District of California</u>, 464 F.3d at 1071.  Clearly, while the Court of Appeals relied upon the facts of that particular case to find the <u>Singer</u> exception inapplicable, it certainly did not hold that the exception was no longer available, as intimated by the government.

[9]422 F.Supp. 247 (D.R.I. 1976).

Judge Biunno in <u>United States v. Braunstein</u>[10].  Some of these are decisions of Courts of Appeal.

<u>See</u>, <u>e.g.</u>, <u>United States v. Farries</u>, 459 F.2d 1057, 1061 (3d Cir.), <u>cert. denied</u>, 409 U.S. 888

(1972).  <u>See also</u>, <u>United States v. Clapps</u>, 732 F.2d 1148, 1151 (3d Cir.), <u>cert. denied</u>, 469 U.S.

1085 (1984); <u>United States v. Clark</u>, 943 F.2d 775, 784 (7th Cir. 1991), <u>cert. denied</u>, 509 U.S. 926

(1993); <u>United States v. Gabriel</u>, 125 F.3d 89, 94 (2d Cir. 1997), overruled on other grounds by

<u>Arthur Andersen LLP v. United States</u>, 544 U.S. 696, 705-06 (2005).

On the other hand, the government fails to address <u>United States v. Lewis</u>, 638 F.Supp.

573 (W.D.Mich. 1986), in which the waiver was granted over the government's objection, in a

<u>conspiracy</u> case where several defendants requested a bench trial, but one did not.[11]  Nor does the

government dispute, as pointed out by Chief Judge Hillman in <u>Lewis</u>, that "[o]ur society has long

recognized that bench trials provide a fair and impartial mechanism for adjudication of criminal

prosecutions.  <u>See</u> <u>Adams v. United States</u>, 317 U.S. 269, 279–80, 63 S.Ct. 236, 241–42, 87 L.Ed.

268 (1942)."

---

[10]474 F.Supp. 1 (D.N.J. 1979).  With regard to the underlying findings in both <u>Panteleakis</u> and <u>Braunstein</u>, the court here could easily find that the case is extremely complicated and would be difficult for a jury to grasp.  Such a finding has no bearing on Mr. Radhakrishnan's exercising his constitutional right to a jury trial.  In fact, no matter how complicated the case may be, a defendant has an absolute right to insist on a jury trial, as Mr. Radhakrishnan has done here.  Just because the court cannot override Mr. Radhakrishnan's constitutional right to a jury trial does not mean that there is an inadequate factual basis for finding that this case may be too complicated for the jury, as was the case in <u>Panteleakis</u> and <u>Braunstein</u>.  In fact, the government has conceded, and the court has acknowledged, the complexity of this case already.  <u>See</u>, <u>e.g.</u>, <u>Government's Consolidated Response To Defendant Radhakrishnan's Motion For Exclusion Of Time And Defendant Caramadre's Motion For A Speedy Trial</u>, Document 19, at p. 4; Transcript of Proceeding on Defendant Radhakrishnan's <u>Notice of Intent to Proceed Pro Se</u>, August 7, 2012, at p. 4.

[11]The defendants in <u>Lewis</u> (other than defendant Nelson, who opted out of the jury waiver and eventually pled guilty and testified for the government) satisfied the district court that their religious beliefs were sincere, and the jury waiver became effective.  Judge Hillman convicted all the defendants in a subsequent bench trial, and in his written opinion, he made the following statement:  "Also prior to trial, the court granted defendants' motion to 'strike the Government's jury demand,' which order was subsequently affirmed by the Court of Appeals for the Sixth Circuit."  <u>United States v. Lewis</u>, 644 F.Supp. 1391, 1395 (W.D.Mich. 1986).  Defense counsel notes that Westlaw makes no reference to the Sixth Circuit decision, and it cannot be located through ordinary research.  Judge Hillman, however (who ought to know), reports that the bench trial order was affirmed.  If correct, there is, in fact, a Court of Appeals ruling supporting the defendant's position here.

Here, a jury waiver by Mr. Caramadre alleviates all the court's nagging concerns about potential prejudice, all of which are related to the court's and Mr. Caramadre's misgivings about Mr. Radhakrishnan's pro se performance at trial.  While in a severance[12] context the court has found that there has not yet been any actual prejudice from any particular action Mr. Radhakrishnan has thus far taken, this has never been the  real concern;  the court's worry has always been about what might happen and, somewhat more importantly, when it might happen.[13] A declaration of mistrial two or three months into the case would be devastating.  Mr. Caramadre's jury waiver eliminates this issue altogether.[14]

Moreover, a bench trial for Mr. Caramadre obviates many of the other appellate issues normally attending a case of this caliber—those related to jury instructions, admissibility of co-conspirator statements (before the jury), limiting and curative instructions, etc.  But most importantly, it puts the court and Mr. Caramadre at ease, knowing that no matter what Mr. Radhakrishnan does during trial, there will not be an occasion for a mistrial based on jury prejudice to Mr. Caramadre.  In addition, the court will have the ability to focus its attention solely on Mr. Radhakrishnan's interactions with the jury in an evidentiary context as opposed to concern over prejudice.

There is, frankly, no reason not to grant Mr. Caramadre's request for a bench trial under the unique and compelling circumstances of this case.  Given the factual and legal issues that

---

[12]The government conflates Mr. Caramadre's severance request with his request for a bench trial.  While the two legal issues may have overlapping underpinnings, they are distinct and separate concepts, with separate and distinct bodies of law.  While actual prejudice before the jury is de rigueur for severance requests, no such finding is required to overrule the government's objection under Rule 23 and permit a bench trial.

[13]The risk of "potential prejudice" is very real and has been observed by at least one court to be a consideration which may outweigh the government's objection to a jury waiver.  See, United States v. Gabriel, supra, 125 F.3d at 94 (". . .we see no potential prejudice here that would warrant granting a bench trial over the government's objection.")

[14]A bench trial for Mr. Caramadre in the context of Mr. Radhakrishnan's pro se representation would also save some court time in the elimination of objections, motions, and bench conferences or other hearings on issues of prejudice.

permeate the indictment (66 counts of mail and wire fraud, identity theft and money laundering,

complicated annuity and bond transactions, intricate loss calculations, etc.), coupled with the

unusual procedural aspects under which this case will be tried (Mr. Radhakrishnan's pro se

representation, video depositions of terminally ill individuals, jury issues associated with the

government's proposed expert testimony), the parameters of Singer are reached.  While the

government's insistence on a jury trial may be entitled to a presumption of "non-ignobility", its

failure to articulate any legitimate basis for insisting on a jury trial for Mr. Caramadre speaks

volumes.[15]

The cases falling outside Singer involve essentially a single issue.  Singer itself was

primarily concerned with a saving of time.  Whether the basis for the request to waive jury trial

was the inflammatory nature of the evidence [United States v. Kramer, 355 F.2d 891 (7th Cir.

1966); United States v. United States District Court for the Eastern District of California, supra,

464 F.3d 1065], pretrial publicity [United States v. Daniels, 282 F.Supp. 360 (D.Ill. 1968);

United States v. Morland, 531 F.2d 183 (4th Cir. 1975)], ethnic prejudice [United States v. Ceja,

supra, 451 F.2d 399)], , none of those cases involved the multiple issues present here.

On the other hand, cases like Panteleakis  and Braunstein, and Lewis, saw multiple

variables at work and confronted the real issue before the court here—that the defendant receive

a fair trial.  Although Braunstein was expressly not decided on constitutional grounds, the court's

---

[15]The government may insist on a jury trial for policy reasons, to protect itself from claims of abuse of prosecutorial discretion in other cases, to refrain from precedent-setting action, or simply because it believes its own interest will be better served by a jury determination of the case.  It matters not, as the Supreme Court has made it clear that the government is not required to provide the court with a reason, trusting the prosecutor to act appropriately.

Nevertheless, there is enormous potential for prejudice in this case.  There is no doubt that the jury may find itself sympathetic to the families of the terminally ill.  It is clear from the responses to the jury questionnaires that many potential jurors themselves have concerns about their ability to be fair and impartial on this issue.  It is not unlikely that the jury will view the conduct in this case as distasteful.  Whether a crime was committed is clearly less capable of accurate determination than whether the facts will offend the jury's sensibilities.  More importantly here, Mr. Caramadre, like the court, is extremely concerned about what Mr. Radhakrishnan will say and do, and how his statements and actions will be perceived by the jury, with (or without) instructions from the court, which may (or may not) be effective.  Mr. Caramadre is being forced to wager his life in a crap game where the court is the house and Mr. Radhakrishnan holds the dice.  The jury waiver takes the case out of the casino.

opinion was grounded in fair trial considerations.  According to Judge Biunno, Rule 23, despite

its allowance of the government's veto, had to be read in conjunction with Rule 2, which requires

that all the rules be applied in a way that assures a fair trial.  Likewise, both Judge Biunno in

Braunstein (474 F.Supp. at 14), and Judge Pettine in Panteleakis (422 F.Supp. at 250), were

concerned that the jurors could not grasp the complexities of the evidence; but the real worry was

that because they might not be able to understand it sufficiently, the defendants would not

receive a fair trial.

   Lewis presents a slightly different, but, in a way, stronger case.  Lewis concerned a direct

conflict between two constitutional rights, both of which, by the way—like the rights involved

here—belonged only to the defendants.  It was therefore up to the defendants to decide which

right to choose to exercise, and they chose their First Amendment right to freedom of religion,

sacrificing their right to jury trial in the bargain.  This occurred in the context of a case in which

the defendants were charged with conspiracy as well as substantive crimes, in which the criminal

penalties were severe (particularly given the death of a child resulting from the defendants'

conduct), and in which not all defendants opted for the jury waiver (which was granted before

the remaining defendant decided to change his plea).

   The Supreme Court in Singer made available to this court the precise relief sought here

specifically because it could not predict whether any particular case would fall within its

contours.  In this case, we have the confluence of those unusual circumstances for which that

door was left open.

   Here, the rights involved, whether they be fair trial or jury trial, belong exclusively to Mr.

Caramadre.  While it is undeniable that historically, our jurisprudence has held to the belief that

the most likely method to secure a fair trial is with a jury, this is clearly not always the case.  Mr.

Caramadre has simply decided to elect substance over form; that is, he would rather have a fair trial than a jury trial.

It is ironic that when a defendant agrees to plead guilty in a criminal case, he must undergo an elaborate colloquy with the court designed to establish that he is fully aware of the scope of the constitutional rights he is relinquishing, and that he has done so knowingly and voluntarily, free from coercion or duress. Those rights include the very same right to a jury trial. They also include other constitutional rights—to confrontation, the presumption of innocence and proof beyond a reasonable doubt, as well as his right against self-incrimination. The one right a defendant never gives up, even in a plea, is the right to be treated fairly. In fact, he usually pleads because he believes that he will be treated more fairly by doing so than if he elects his right to a jury trial. It seems ludicrous that a defendant can give up all those rights in order to guarantee a conviction and sentence but not give up only one of them (jury trial) in order to maximize the chance that he will actually receive the benefit of another one (fair trial).

WHEREFORE, Mr. Caramadre requests that his motion for leave to waive jury trial be granted.

Respectfully submitted,
JOSEPH CARAMADRE
By and through his Attorneys
/s/ *Anthony M. Traini*
Anthony M. Traini (#4793)
56 Pine Street, Suite 200
Providence, RI 02903-2819
Tel: (401) 621-4700
Fax: (401) 621-5888
Email: amt@trainilaw.com

*/s/ Michael J. Lepizzera, Jr.*
Michael J. Lepizzera, Jr. (#4995)
LEPIZZERA & LAPROCINA, LTD.
117 Metro Center Boulevard, Suite 2001
Warwick, Rhode Island 02886
Tel. (401) 739-7397
Fax (401) 691-3558
Email:  mlepizzera@leplap.com


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 27, 2012, a copy of the foregoing Defendant Joseph
Caramadre's Reply Memorandum In Support of his Motion for Leave to Waive Jury Trial was
filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of
this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as
indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's
CM/ECF System.


*/s/ Anthony M. Traini*
Anthony M. Traini