```
                      UNITED STATES DISTRICT COURT
                        DISTRICT OF RHODE ISLAND
```

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
    v.                             )     Cr. No. 11-186 S
                                   )
JOSEPH CARAMADRE; and              )
RAYMOUR RADHAKRISHNAN,             )
                                   )
            Defendants.            )
_____)

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendant Joseph Caramadre's motion for leave to waive a jury trial and proceed with a bench trial. For the reasons set forth below, the motion is denied.

I.   Background

On November 17, 2011, Defendants Caramadre and Radhakrishnan were charged in a sixty-six count indictment with wire fraud, mail fraud, conspiracy, identity fraud, aggravated identity theft, and money laundering. Caramadre was additionally charged with one count of witness tampering. (See generally Indictment, ECF No. 1.) At its core, the Indictment alleges that Caramadre devised a fraudulent scheme, later joined by Radhakrishnan, to make millions of dollars by securing the identities of terminally-ill people through material misrepresentations and omissions and then using those identities

to purchase variable annuities and corporate bonds with death-benefit features.

Due to the number of transactions and the duration of the alleged scheme (which dates back to the 1990s), the trial is expected to span between three and four months and include between seventy-five and one hundred witnesses. Trial is currently scheduled to begin in November 2012.

On August 2, 2012, Radhakrishnan filed a notice of intent to proceed pro se. (ECF No. 73.) At a hearing on the notice, the Court expressed its concerns but allowed Radhakrishnan to exercise his constitutional right to self-representation. (See generally Hr'g Tr., Aug. 7, 2012, ECF No. 77.) In response, Caramadre filed a motion to sever his trial from Radhakrishnan's. (ECF No. 80.) The Court denied this motion (ECF No. 84). In a September 18, 2012, in-chambers conference, Caramadre's attorneys raised the possibility of Caramadre waiving his right to a jury in favor of a bench trial simultaneous with Radhakrishnan's jury trial. According to Caramadre's attorneys, this solution would address all of the concerns stemming from Radhakrishnan's pro se representation. The government indicated that it would object to such an arrangement. On September 20, 2012, Defendant Caramadre filed the instant motion. (ECF No. 82.) The government filed its opposition the next day. (ECF No. 85.)

II. Discussion

Rule 23 of the Federal Rules of Criminal Procedure requires that a jury-eligible trial actually be tried by a jury unless

   (1)   The defendant waives a jury trial in writing;
   (2)   The government consents; and
   (3)   The court approves.

Fed. R. Crim. P. 23(a) (emphasis added). Effectively, the government, the court, or both can veto a defendant's request for a bench trial. In Singer v. United States, the Supreme Court upheld the constitutionality of this rule, holding that "there is no federally recognized right to a criminal trial before a judge sitting alone." 380 U.S. 24, 34 (1965). To the contrary, there is "no constitutional impediment to conditioning a waiver of this right [to a jury trial] on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury – the very thing that the Constitution guarantees him." Id. at 36.

Still, the government's ability to withhold consent is not absolute. In dicta, the Singer Court left open the possibility of a jury-trial waiver being granted over the government's objection:

> We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an

3

> impartial trial. Petitioner argues that there might arise situations where "passion, prejudice . . . public feeling" or some other factor may render impossible or unlikely an impartial trial by jury. . . . [T]his is not such a case . . . .

Id. at 37-38. Courts addressing this issue have acknowledged the existence of such an exception in theory, though few have actually found it applicable. See, e.g., United States v. Alpern, 564 F.2d 755, 758 (7th Cir. 1977) (finding case did not rise to level of Singer exception); United States v. Braunstein, 474 F. Supp. 1, 15-17 (D.N.J. 1979) (granting the motion despite objection but listing over twenty cases where a jury waiver over the government's objection was denied); United States v. Panteleakis, 422 F. Supp. 247, 248 (D.R.I. 1976) (granting motion despite government objection but acknowledging courts should act with reserve and caution in doing so). In fact, as of 2006, "no United States Court of Appeals appears to have approved a defendant's waiver of a jury over the government's objection."[1] United States v. United States Dist. Court for the E. Dist. of Cal., 464 F.3d 1065, 1070 (9th Cir. 2006).

---

[1] Caramadre correctly notes in his Reply that in United States v. Lewis, 644 F. Supp. 1391, 1395 (W.D. Mich. 1986), Chief Judge Hillman stated that "[a]lso prior to trial, the court granted defendants' motion to 'strike the Government's jury demand,' which order was subsequently affirmed by the Court of Appeals for the Sixth Circuit." (Def.'s Reply Mem. in Supp. 4 n.11, ECF No. 93.) However, Chief Judge Hillman did not provide a citation, and neither Caramadre nor the Court can find this decision. As such, the Court accepts the Ninth Circuit's

4

Here, the government has objected to Caramadre's written request for a bench trial, so unless the exception anticipated by <u>Singer</u> is applicable, Caramadre's request must be denied. As <u>Singer</u> and its progeny suggest, overruling a governmental objection to a bench trial is a last resort and should only be instituted when an impartial jury is either impossible or extremely unlikely. <u>Singer</u>, 380 U.S. at 37-38. The relevant circumstances of this case, which essentially boil down to a long trial involving a <u>pro se</u> defendant and the potential for significant media exposure, are nowhere near as dire as those imagined by <u>Singer</u>.

As this Court has repeatedly affirmed, it believes a fair trial – which necessarily involves seating an impartial jury – can be obtained, and the Court has taken, and will continue to take, significant steps to achieve this result. Both the Court and the parties have been heavily involved in the jury selection process; in addition to creating juror questionnaires spanning over thirty-five pages and consisting of over forty questions, the Court has conducted individual <u>voir dire</u> of potential jurors. The parties have had significant input in the content of the individual <u>voir dire</u>, and now that the jury is seated, the Court will provide comprehensive instructions to ensure the

---

statement as an accurate appraisal of the legal landscape in 2006.

jury remains impartial and no party is prejudiced. These instructions will be given at the beginning of trial, at the close of all evidence, and at any point throughout the trial when a need arises. Finally, while the Court has denied Defendants' motions to sever, it of course retains the ability to sever the trial at a later date should it become necessary.

The cases cited by Caramadre, where a government objection to a jury-waived trial was overruled, contain circumstances much more exceptional than the ones at issue here. For example, this case does not involve defendants with overriding religious beliefs that forbid judgment by laymen. Cf. United States v. Lewis, 638 F. Supp. 573, 575, 581 (W.D. Mich. 1986). Nor does it involve a net worth theory necessarily including the presentation of evidence "reek[ing] with the odor of organized crime" that the court cannot "disinfect[]." Cf. United States v. Schipani, 44 F.R.D. 461, 463 (E.D.N.Y. 1968).

While Braunstein and Panteleakis do provide somewhat less extreme situations than the two just discussed, they, too, are distinguishable from this case. In Braunstein, the fraud at issue involved complicated issues of state, federal, and income tax law, and further involved defendants who committed Medicaid frauds during different years, and, thus, the evidence against each defendant was unique, raising the possibility of juror confusion and misapplication of evidence against certain

6

defendants.  474 F. Supp. at 13.  Here, however, the alleged frauds are the same for both Defendants, and the government estimates a ninety percent overlap of evidence.  The Panteleakis Court, meanwhile, emphasized that the co-defendants were not charged with conspiracy, had not sought a severance, and significant prejudicial press coverage had already occurred.  422 F. Supp. at 249, 250.  None of those factors are present in this case.

    Quite simply, Radhakrishnan's decision to represent himself, while undoubtedly complicating matters, does not equate to a situation where an impartial jury will be impossible to seat.  The trial's expected length and the possibility of substantial press and media coverage do not alter this conclusion.  While the Court reserves the right to reassess this decision at a later date should unforeseen circumstances arise, at this point in time there is just nothing to suggest that the exception envisioned by Singer is applicable here.

III. Conclusion

    For the foregoing reasons, Caramadre's motion for leave to waive a jury trial over the government's objection is DENIED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  October 5, 2012