**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) **Criminal No. 11-186-S** |
| v. | ) |
| | ) |
| JOSEPH CARAMADRE | ) |
| | ) |
| and | ) |
| | ) |
| RAYMOUR RADHAKRISHNAN | ) |
| | ) |
| Defendants. | ) |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE IMPROPER CROSS EXAMINATION**

The United States of America, by and through its undersigned attorneys, hereby moves the Court for an Order precluding improper cross examination of anticipated government witness James LaMonte ("LaMonte"). LaMonte is the brother-in-law defendant Joseph Caramadre ("Caramadre").  In 2004 and 2005, Caramadre used LaMonte's father-in-law, Alfred LaMonte, as an annuitant on a number of variable annuities.  LaMonte will testify regarding representations Caramadre made in order to obtain Alfred LaMonte's signature and identity information.

During that period, James LaMonte was a principal in a firearm storage business located in North Attleboro, Massachusetts.  In connection with operating this business, in December 2005 James LaMonte was charged with three state firearms violations, all of

1

which were ultimately dismissed.  Specifically, LaMonte was charged

with failure to report a lost or stolen firearm; that charge was

continued without a finding, then dismissed on April 17, 2007.

LaMonte was also charged with possession of a sawed off shotgun and

possession of a firearm with an obliterated or defaced serial number;

those charges were both dismissed on May 16, 2006.

Since none of the charges resulted in a conviction, they are

not admissible under Federal Rule of Evidence 609.

F.R.E. 608(b) states in pertinent part that:

> Except for a criminal conviction under Rule 609,
> extrinsic evidence is not admissible to prove
> specific instances of a witness's conduct in order
> to attack or support the witness's character for
> truthfulness. But the court may, on
> cross-examination, allow them to be inquired into if
> they are probative of the character for truthfulness
> or untruthfulness of:
>
> (1) the witness; or
>
> (2) another witness whose character the witness being
> cross-examined has testified about.

"Rule 608(b) only permits inquiry into prior conduct if the conduct

is probative of the witness's character for truthfulness or

untruthfulness." United States v. Bunchan, 580 F.3d 66 at 71 (1st Cir.

2009).  "So long as the trial court affords the defendant a fair

opportunity for effective cross-examination, it may impose

reasonable restrictions based on concerns such as undue prejudice,

confusion of the issues, witness badgering, redundancy, or questioning that appears to be of marginal relevance. The trial court's latitude in shaping such restrictions is wide." United States v. Molina, 407 F.3d 511, 523 (1st Cir. 2005); United States v. Rivera-Rodriguez, 617 F.3d 581 at 591-592 (1st Cir. 2010)(same). The charges are not probative of the LaMonte's character for truthfulness; they are firearms charges related to the failure to comply with regulatory requirements in the operation of a firearms storage business.  Accordingly, the defendants should be precluded from cross-examining LaMonte regarding these charges.

In addition, defendants should be precluded from examining LaMonte about the lawsuit that concerned the dissolution of LaMonte's interest in the firearms business.  That lawsuit was settled without any findings of wrongdoing on LaMonte's behalf.  Moreover, of particular concern, is the fact that LaMonte was represented by Caramadre in connection with this civil lawsuit.  Accordingly, Caramadre and LaMonte had an attorney-client relationship. Caramadre therefore should not cross-examine LaMonte regarding privileged information he learned in the context of the attorney-client relationship.

## Conclusion

For the reasons set forth herein, The Government requests the court enter an order precluding the cross-examination of LaMonte in

the above identified areas.

Respectfully submitted,


PETER F. NERONHA
UNITED STATES ATTORNEY

/s/ John P. McAdams
JOHN P. McADAMS
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2012, I caused the within Government's *Motion In Limine* to be served via the Court's Electronic Filing System on:

For Joseph Caramadre:
Michael J. Lepizzera, Esq.
Anthony M. Traini, Esq.

For Raymour Radhakrishnan:
Olin Thompson, Esq.

/s/John P. McAdams
John P. McAdams
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
John.p.mcadams@usdoj.gov