UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR. No. 11-186S
:
JOSEPH CARAMADRE :

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States and Defendant, **JOSEPH CARAMADRE** have reached the following agreement:

1. Defendant's Obligations.

    a. Defendant will plead guilty to Count Nine (9) and Count Thirty-Three (33) of the Indictment, which charge Defendant with knowingly causing to be transmitted by means of wire communication in interstate commerce material, to wit a wire transfer of $280,000 into the Joint Brokerage Account at T.D. Ameritrade in the name of Joseph Caramadre and Edwin Rodriguez, in violation of 18 U.S.C. § 1343 (Count Nine), and conspiracy to commit offenses against the United States, to wit mail fraud, wire fraud, and identity theft, in violation of 18 U.S.C. § 371 (Count Thirty-Three).

    b. Defendant acknowledges and understands that Defendant enters into this plea agreement as part of a package plea agreement with co-defendant RAYMOUR RADHAKRISHNAN. Defendant further agrees that Defendant's decision to enter into a package plea agreement is completely knowing and voluntary.

    c. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

2. Government's Obligations. In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose a term of imprisonment no greater than 120 months (10 years)(defined herein as "the government's maximum recommended sentence").

b. For purposes of determining the offense level under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines"), the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing. The government will not move for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), because trial in this matter commenced prior to this agreement.

c. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

d. The government will, at the time of sentencing, move to dismiss the remaining counts of the Indictment.

3. Pursuant to Rule 11(c)(1)(C ), the United States and the Defendant stipulate and agree to the attached Statement of Facts, which is incorporated by reference and made part of this plea agreement as if fully set forth herein.

4. There is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

a. There is no agreement as to the amount of restitution in this case. The amount of restitution will be determined by the Court at an evidentiary hearing or by future agreement of the parties.

5. Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement or reject the plea agreement. In the event the Court rejects the plea agreement, either party may elect to declare the agreement null and void. Should the defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

6. The maximum statutory penalties for the offenses to which defendant is pleading guilty are:

    a. With respect to Count Nine: 20 years imprisonment, a fine of $ 250,000, a term of supervised release of three years, and a mandatory special assessment of $100.

    b. With respect to Count Thirty-Three: 5 years imprisonment, a fine of $250,000, a term of supervised release of three years, and a mandatory special assessment of $100.

If imposed consecutively, the maximum penalties are 25 years imprisonment, $500,000 fine, and three years of supervised release. The mandatory special assessments total $200.

7. Defendant is advised and understands that:

    a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

    b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

    c. Defendant has the right to a jury trial;

    d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

  e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

  f. Defendant waives these trial rights if the Court accepts a plea of guilty.

 8. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

 9. Except for paragraph 2, above, the parties have made no agreement concerning the application of the guidelines in this case.

 10. Defendant hereby waives Defendant's right to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are at or below the government's maximum recommended sentence. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

 11. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

 12. This agreement is limited to the District of Rhode Island and does not bind any

other federal, state, or local prosecutive authorities.

13. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

14. Counsel for Defendant states that Counsel has read this agreement and the attached statement of facts, been given a copy of each for Counsel's file, explained each to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement and the statement of facts.

15. Defendant states that Defendant has read the agreement and the attached statement of facts or has had each read to Defendant, has discussed each with Defendant's Counsel, understands each, and agrees to its provisions.

_____        Date: 11-19-12
JOSEPH CARAMADRE
Defendant

_____        Date: 11-19-12
Michael J. Lepizzera, Esq.
Counsel for Defendant

_____        Date: 11-19-12
Anthony M. Traini, Esq.
Counsel for Defendant

_____        Date: 11-19-12
Lee H. Vilker
Assistant U.S. Attorney

_____        Date: 11-19-2012
John P. McAdams
Assistant U.S. Attorney

5

_____
Stephen G. Dambruch
Chief, Criminal Division

Date: 11/19/2012