UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **JOSEPH CARAMADRE** ) | Criminal No. 11-186-S |
| ) | |
| **and** ) | |
| ) | |
| **RAYMOUR RADHAKRISHNAN** ) | |
| ) | |
| **Defendants.** ) | |

## MOTION FOR PERMISSION TO ISSUE SUBPOENAS
## TO FORMER ATTORNEYS OF JOSEPH CARAMADRE

The United States respectfully requests that this Court approve the issuance of subpoenas to attorneys Anthony M. Traini ("Traini"), Michael J. Lepizzera ("Lepizzera"), and Scott K. DeMello ("DeMello") pursuant to Rule 3.8(f) of the Rules of Professional Conduct.  The purpose of the subpoenas is for testimony and documents necessary to respond to claims made by defendant Joseph Caramadre ("Caramadre") in support of his Motion to Withdraw His Guilty Plea.  Caramadre's claims include ineffective assistance of counsel, among others.  An evidentiary hearing on Caramadre's Motion is scheduled for April 24, 2013.

### Rhode Island Rule of Professional Conduct 3.8(f)

On November 1, 1988, the Rhode Island Supreme Court adopted the proposed Rules of Professional Conduct. Included in those rules was

1

Rule 3.8(f), which provides "the prosecutor in a criminal case shall...(f) not, without prior judicial approval subpoena a lawyer for the purpose of compelling the lawyer to provide evidence concerning a person who is or was represented by the lawyer when such evidence was obtained as a result of the client/lawyer privilege."

On April 20, 1989, this Court incorporated the Rhode Island Rules of Professional Conduct, including Rule 3.8(f), into its Local Rules. The First Circuit Court of Appeals has upheld this Court's incorporation of local Rule 3.8. Whitehouse v. United States District Court, 53 F.3d 1349, 1357-58, (1st Cir. 1995).

Before applying to subpoena an attorney, federal prosecutors must usually first receive the approval of the Assistant Attorney General of the Criminal Division of the Department of Justice. *United States Attorney Manual*, 9-13.410.[1]  However, one of the exceptions to that requirement is for "testimony or documents necessary to respond to a claim of ineffective assistance of counsel, including, *but not limited to*, petitions filed pursuant to 28 U.S.C. § 2255 and D.C. Code § 23-110. U.S.AM. 9-13410(E)(3)(emphasis added). Caramadre's Motion To Withdraw His Guilty Plea falls squarely within that exception.

### Relevance of the Subpoenaed Information

Caramadre's Motion to Withdraw His Guilty Plea is based on

---

[1] U.S.A.M. 9-13.410 expressly states that its guidelines "are set forth solely for the purpose of internal Department of Justice guidance. They are not intended to, do not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal, nor do they place any limitations on otherwise lawful investigative or litigative prerogatives of the Department of Justice."

multiple claims. One such claim is that his attorneys were ineffective in multiple areas of representation. Caramadre claims that his attorneys failed to properly investigate the case; improperly reserved opening statement; failed to conduct meaningful cross-examination; and improperly pressured him to plead guilty. (Def. Motion at 7-22).

In a related claim, Caramadre alleges that one of his attorneys, Traini, had multiple unwaivable conflicts of interest. The alleged conflicts arise from (1) Traini's fee arrangement with Caramadre and (2) Traini's past and future representation of Edward Maggiacomo. Maggiacomo was anticipated to be a government witness in the trial. At a pretrial hearing, Caramadre waived, under oath, *any* potential or actual conflict of interest with respect to Traini's representation of Maggiacomo. Notwithstanding, Caramadre now alleges that in tandem, these purported conflicts created in Traini a "natural incentive to induce Mr. Caramadre to plead guilty" in order to secure a financial "windfall." (Def. Motion at 22-25).

In addition to the ineffective assistance and conflict of interest claims, Caramadre further argues that he was "incompetent" to plead guilty at the Rule 11 hearing on November 19, 2012. (Def. Motion at 2-7). Caramadre claims that the Rule 11 Colloquy was "constitutionally infirm" because Traini, Lepizzera, and the Court were on "notice" of Caramadre's history of depression. (Def.

3

Motion at 29). According to Caramadre, "both the Court and counsel failed to take appropriate measures to ensure that Caramadre's plea was constitutionally sound." (Def. Motion at 29-30).

In support of his claim of "disability," (Def. Motion at 29), Caramadre submitted affidavits from various counselors and mental health professionals, none of whom actually evaluated Caramadre's mental health status at the time of the change of plea. Yet during the time leading up to the change of plea, Attorneys Traini, Lepizzera, and DeMello were physically present with Caramadre, and able to observe his demeanor, engage in sophisticated discussions with him regarding the trial, the evidence, the plea agreement, the Statement of Facts, etc. Accordingly, the observations of Traini, Lepizzera, and DeMello regarding Caramadre's mental health status leading up to the change of plea hearing have been put directly at issue by Caramadre.

In addition to the above claims, Caramadre also asserts "evidence of actual innocence." (Def. Motion at 26-28). The so-called "evidence" Caramadre offers is his previous, longstanding and repeated declarations of innocence. It should be clear by now that Caramadre is not innocent; he simply does not want to admit his guilt (even though he already has). It is perhaps stating the obvious that a "declaration of innocence" is not evidence, particularly in light of Caramadre's treating physician's diagnosis that Caramadre

4

has "obsessions" that are "focused primarily on his need to declare his innocence to the world at large." (Def. Motion, Ex. D).

Nonetheless, Caramadre argues that his lawyers' advice that a guilty plea was in his best interest was advice that he "lie" and "falsely" plead guilty. (Def. Motion at 27). Caramadre points to suggestions by Lepizzera and Traini that he consider a guilty plea on unspecified dates coterminous with the course of their representation. (Def. Motion Ex. K). Moreover, Caramadre now asserts a blanket denial of the detailed Statement of Facts which formed the factual basis for the guilty plea. Accordingly, specific factual admissions Caramadre made to Lepizzera, Traini, and DeMello throughout the course of their representation are now at issue.

Finally, in addition to the claims noted above, Caramadre has cited select pieces of correspondence between himself and his attorneys. For example, in his initial Motion To Withdraw His Guilty Plea, Caramadre cited as exhibits materials which would otherwise be protected by the attorney client privilege, duty of confidentiality, and attorney work product doctrines. These include a September 13, 2012 letter written by Traini, Lepizzera, and DeMello outlining the potential consequences of a conviction in the case. (Def. Motion, Ex. A). Caramadre also included an e-mail chain between himself and Lepizzera dated October 8, 2012 as an exhibit. (Def. Motion Ex. G).

Moreover, in his Motion for Extension of Time To File a Reply (ECF No. 132), Caramadre references a file "containing 373 pages of correspondence containing information critical to the consideration of Caramadre's motion to withdraw his guilty plea." (Def. Motion, ECF No. 132).

**<u>Waiver of Attorney-Client and Related Privileges</u>**

Caramadre's numerous multi-layered claims are deeply dependent on factual allegations regarding communications with his attorneys, throughout the course of their representation.  His offer of proof is conclusory and based on cherry-picked communications between himself and counsel at various, unspecified points in time throughout the period of representation, without context.  It is impossible for the government to respond completely to these claims without access to otherwise privileged materials, including the testimony of Traini, Lepizzera, and DeMello, as well as documents which may be privileged under the attorney-client privilege, attorney work-product, or duty of confidentiality doctrines.

Caramadre's current counsel has acknowledged that these claims waive the attorney-client privilege.  Moreover, in the interests of judicial economy, it is necessary for the government to review the relevant documents and meet with Caramadre's former attorneys in advance of the hearing, in order to prepare their testimony, avoid waste and confusion on tangential issues, and focus on the key

6

matters. Otherwise the evidentiary hearing could be endless.

Rule 1.6 of the Rhode Island Rules of Professional Conduct states, in pertinent part, that a lawyer may reveal information related to the representation of a client to the extent the lawyer reasonably believes necessary:

> (2) … to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
>
> (4) to comply with other law or a court order.

*R.I. Rule of Professional Conduct 1.6(b) (2) and (4)*.

There can be no serious dispute that Caramadre's allegations fall within the exceptions to Rule 1.6 identified above. Accordingly, the Government requests that the Court order the production of responsive documents no later than seven days from the date of the Order; authorize attorneys for the government to interview attorneys Traini, Lepizzera, and DeMello in order to prepare their testimony for the evidentiary hearing, and make a finding that participation of Traini, Lepizzera and DeMello in such an interview is authorized under Rule 1.6 as a consequence of the waivers of privilege arising from Caramadre's broad allegations.

## CONCLUSION

The government requests, for the above-stated reasons, that this Court authorize the government to issue subpoenas to Anthony M. Traini, Michael J. Lepizzera and Scott K. DeMello, for testimony

7

and documents related to their representation of Joseph Caramadre.

                                  Respectfully submitted,

                                  PETER F. NERONHA
                                UNITED STATES ATTORNEY


                                /s/ John P. McAdams
                                JOHN P. McADAMS
                                Assistant U.S. Attorney
                                LEE H. VILKER
                                Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April, 2013, I caused the within Government's Motion to Issue Subpoenas to Attorneys for Joseph Caramadre to be served via the Court's Electronic Filing System on:

**For Joseph Caramadre:**

Randy Olen, Esq.
Robert Watt, Esq.

**For Raymour Radhakrishnan:**

Olin Thompson, Esq.

**For Anthony M. Traini, Esq., Michael J. Lepizzera, Esq. and Scott DeMello, Esq.:**

Edward Gerstein, Esq.

/s/John P. McAdams
John P. McAdams
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
john.p.mcadams@usdoj.gov