```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
     v.                             )     CR. No. 11-186 S
                                    )
JOSEPH CARAMADRE; and               )
RAYMOUR RADHAKRISHNAN,              )
                                    )
          Defendants.               )
_____)

**ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is the government's Motion for Permission to Issue Subpoenas to Former Attorneys of Joseph Caramadre. (ECF No. 136.) For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

I.    Background

On November 17, 2011, Defendants Caramadre and Radhakrishnan were charged in a sixty-six count indictment with wire fraud, mail fraud, conspiracy, identity fraud, aggravated identity theft, and money laundering. Caramadre was additionally charged with one count of witness tampering. (See generally Indictment, ECF No. 1.) At its core, the Indictment alleged that Caramadre devised a fraudulent scheme, later joined by Radhakrishnan, to make millions of dollars by securing the identities of terminally-ill people through material misrepresentations and omissions and then using

those identities to purchase variable annuities and corporate bonds with death-benefit features.

Trial began on Tuesday, November 13, 2012. On November 19, 2012, after four days of trial, Caramadre and Radhakrishnan entered guilty pleas. (ECF Nos. 105 & 106, respectively.) Anthony M. Traini, Michael J. Lepizzera, and Scott K. DeMello (together, "Prior Counsel") represented Caramadre throughout these proceedings and for the two months following the plea; they filed a notice of withdrawal in mid-January 2013. (ECF No. 113.) That same day, Caramadre's current counsel entered an appearance (ECF No. 112) and filed a motion to stay the proceedings in order for Caramadre to file a motion to withdraw his plea (ECF No. 114). Caramadre filed this motion on February 28, 2013, arguing that his November 19 plea was not knowing and voluntary for a variety of reasons: he was distraught over his wife's health; he was depressed; he was coerced by Prior Counsel into entering his plea; he was encouraged by Prior Counsel to lie at the Rule 11 hearing; Prior Counsel provided ineffective assistance of counsel; and Mr. Traini had non-waiveable conflicts of interest. (ECF No. 122.) A hearing has been set for April 24, 2013. (See Docket Entry for Mar. 26, 2013.)

In response to these allegations, the government has filed the present motion requesting that the Court issue subpoenas requiring Prior Counsel to testify at the hearing, to produce documents related to their representation of Caramadre, and to be interviewed

2

by the government in preparation for the hearing. (ECF No. 136.) Caramadre objects to any pre-hearing interviews as well as the government's broad request for the production of documents. (ECF No. 138.)

II. Discussion

On November 1, 1988, the Rhode Island Supreme Court adopted the proposed Rules of Professional Conduct, which were subsequently incorporated into this Court's Local Rules. See Whitehouse v. United States District Court, 53 F.3d 1349, 1353 (1st Cir. 1995). At issue here are Rules 3.8(f) and 1.6(b). Rule 3.8(f) requires judicial approval for a prosecutor to "subpoena a lawyer for the purpose of compelling the lawyer to provide evidence concerning a person who is or was represented by the lawyer when such evidence was obtained as a result of the attorney-client relationship." Sup. Ct. Rules, Art. V, Rules of Prof. Conduct, Rule 3.8(f). Rule 1.6(b), meanwhile, prevents an attorney from revealing information relating to the representation of a client except "to the extent the lawyer reasonably believes necessary" to "respond to allegations in any proceeding concerning the lawyer's representation of the client" or "comply with other law or a court order." Sup. Ct. Rules, Art. V, Rules of Prof. Conduct, Rule 1.6(b)(2),(4).

3

A.   Subpoenas for Trial Testimony

The parties agree that Caramadre, by making claims of ineffective assistance of counsel, has waived the attorney-client privilege surrounding the allegations. They also agree that Rule 1.6(b)(2) permits Prior Counsel to reveal both privileged and confidential information regarding the allegations at the hearing. Indeed, such testimony is vital for the Court's evaluation of some of Caramadre's claims. Therefore, the government may subpoena Prior Counsel to testify at the hearing on Caramadre's motion pursuant to Rule 3.8(f).

B.   Pre-Hearing Document Discovery

The parties' agreement, however, ends there, and there is significant disagreement over the permissible extent and scope of the government's pre-hearing preparation. While the Court agrees with the government that some preparation is necessary, lest the hearing devolve into an open-court deposition, the government's request as fashioned in both its motion to the Court and letter to Caramadre's current counsel is overbroad.

Rule 1.6(b)(2) allows a lawyer to reveal information "to the extent the lawyer reasonably believes necessary . . . to respond to allegations in any proceeding concerning the lawyer's representation of the client." Sup. Ct. Rules, Art. V, Rules of Prof. Conduct, Rule 1.6(b)(2). The Comments to this rule add that "disclosure should be no greater than the lawyer reasonably

4

believes is necessary to vindicate innocence." Id. Rule 1.6 comment. The allegations concerning Prior Counsel's representation that are at issue here involve claims of coercion to plead guilty, claims of instructing Caramadre to lie at the change of plea hearing, claims that Mr. Traini had conflicts of interest, and claims of a failure to investigate and cross-examine witnesses.

The Court finds that some document production related to these claims is required in order for the government to adequately prepare for the upcoming hearing and sufficiently narrow the scope of their questioning to comply with the Rules of Professional Conduct.[1] Thus, any files, notes, correspondence, emails, or other documents relating to the plea negotiations or the decision to plead are to be disclosed to the government. While the scope of this Order covers the entire representation, the central focus should be from the beginning of trial on November 13 through the

---

[1] The Court is aware of the American Bar Association Standing Committee on Ethics and Professional Responsibility's Formal Opinion 10-456 ("ABA Opinion"), which states that "it is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable." See ABA Opinion at 1. In the Court's view, this interpretation is too restrictive. While the Court agrees that meeting with the government to prepare for this type of hearing is not likely justifiable under Rule 1.6, the government does have a right to prepare for the hearing. Limited document disclosure, covering relevant topics which have been approved by the Court, is a suitable middle ground where the government can adequately prepare and where Prior Counsel will not violate either Rule 1.6 or any other rules or ethical standards.

entry of Caramadre's plea on November 19. Regarding the alleged conflicts of interest, Caramadre has questioned the propriety of the fee agreement between himself and Mr. Traini. The government is entitled to review this agreement prior to the hearing, and thus it must be produced. Concerning any of the other alleged conflicts of interest, the Court does not believe any pre-hearing discovery is needed;[2] rather, the allegations can be adequately explored at the hearing, if at all. The same is true with respect to Caramadre's claims of a failure to cross-examine and investigate witnesses. Permitting the government to conduct document discovery on these latter claims would amount to free reign into the representation and open season on the entire case file, giving the government information and insight into issues outside the scope of this hearing and well beyond what is envisioned by Rule 1.6.

C.   Pre-Hearing Interviews

Finally, the government requests permission to interview Prior Counsel in preparation for the hearing. The Court declines to grant this request. The ineffective assistance of counsel issues being raised by Caramadre are not overly complex such that the government is unable to properly and adequately prepare for the

---

[2] The alleged conflict created by Mr. Traini's representation of Edward Maggiacomo, Jr. has already been thoroughly briefed and argued by the parties, and is the subject of a written order (ECF No. 71) issued by the Court following a hearing devoted to this issue. As a result, any additional discovery on this matter is unnecessary.

hearing, and the issues are discrete enough that any concerns regarding judicial economy are overblown. Moreover, allowing this interview to take place is likely to create problems and ethical issues that will cause delays, not save time. The most prudent course of action is to deny the request for a pre-hearing interview in its entirety, and deal with any issues as they arise at the hearing.

III. Conclusion

For the foregoing reasons, the government's motion is GRANTED in part and DENIED in part. It is hereby ordered that the government may subpoena Prior Counsel to testify at the evidentiary hearing before the Court on Caramadre's motion to withdraw his plea, currently scheduled for April 24, 2013. It is further ordered that Prior Counsel produce to the government the following: (1) any and all documents and materials surrounding the issues of plea negotiations and Caramadre's decision to plead guilty; and (2) the fee agreement between Mr. Traini and Caramadre. These materials are to be produced within seven days of the date of this Order. Finally, Prior Counsel is not required to meet with and/or interview with the government prior to the hearing.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: April 12, 2013