# IN THE MATTER

## OF

## JOSEPH CARAMADRE

Prepared for:

Randy Olen, Esq.
478A Broadway
Providence, RI  02909

April 15, 2013

13-00963

> **"PRIVILEGED COMMUNICATIONS"**
>
> This report is confidential and is intended solely for the use and information of the client to whom it is addressed.



**PROFESSIONAL LITIGATION & POLYGRAPH SERVICES, LLC**

FORENSIC INTERVIEWING, INVESTIGATIONS & POLYGRAPH EXAMINATIONS

55 CRYSTAL AVENUE, SUITE 269
DERRY, NEW HAMPSHIRE 03038 - 1725
866-738-8495          (F) 603-879-0362



**CONFIDENTIAL & PRIVILEGED INFORMATION**

RE:   JOSEPH CARAMADRE
      90 Beechwood Drive
      Cranston, RI  02921

## ASSIGNMENT

Randy Olen, Esq., requested Professional Litigation & Polygraph Services, LLC, d/b/a P L P Consulting, conduct a polygraph examination to verify Mr. Joseph Caramadre lied to the court when he stipulated to his involvement in the criminal elements listed in the Statement of Facts in the Plea Agreement.

## EXAMINATION

The court records for Docket Number CR11 186-01S, from the District of Rhode Island, United States District Court, were printed and reviewed in advance. The defendant, Joseph Caramadre entered into a plea agreement on November 19, 2012. The plea agreement references counts 9 and 33 of the indictment. It also referenced a Statement of Facts that was stipulated to by Mr. Caramadre.

On April 15, 2013, at approximately 10:00 a.m., Mr. Joseph Caramadre underwent a polygraph examination at our test site in Hampstead, New Hampshire, as arranged. The examination was audio and video recorded with Mr. Caramadre's consent. A secondary audio and video recording was made as the charts were obtained during the physiological monitoring.

I explained the purpose and briefly explained the procedures used during the examination. I presented the Polygraph Consent Form, which Mr. Caramadre read, acknowledged understanding and signed in my presence. His health was reviewed and nothing new was disclosed that prevented him from being examined. He had taken his prescribed medications as directed in the morning in advance of the examination. Mr. Caramadre has undergone a polygraph examination with me in the past and he was aware of the process.

Mr. Caramadre reviewed the Statement of Facts line by line and he provided a two page analysis he prepared regarding the information it contained. Some of the statements contained in the Statement of Facts were truthful and some were not. Some of the statements were specifically addressed in previous examinations and answered. Some of the activities in the Statement of Fact may have been true for the co-defendant. Mr. Caramadre stated he lied to the court when he accepted or stipulated to the criminal elements regarding his conduct listed in the Statement of Facts.

Questions were drafted, finalized and reviewed with Mr. Caramadre. A single issue examination using the Zone format, with two relevant questions, was developed. The physiological monitoring portion of the examination was conducted using the Lafayette

**CONFIDENTIAL & PRIVILEGED INFORMATION**

Instrument LX4000 and five charts were obtained for analysis. The charts were manually scored using the empirical scoring system. Based upon the charts obtained, No Deception was Indicated (NDI) when Mr. Caramadre answered "NO" to the relevant questions. The relevant questions asked of him during this series were:

- Were you being truthful when you stipulated in court to the criminal elements regarding your conduct in the Statement of Facts?

- When you stipulated to the criminal elements in the Statement of Facts regarding your conduct, were you being truthful to the court?

My contact with Mr. Caramadre ended at approximately 12:16 p.m.

_____  
Aldo Fantoni, Examiner

__April 15, 2013__  
Date