UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 11-186-S |
| v. | ) |
| | ) |
| JOSEPH CARAMADRE | ) |
| | ) |
| and | ) |
| | ) |
| RAYMOUR RADHAKRISHNAN | ) |
| | ) |
| Defendants. | ) |

GOVERNMENT'S OBJECTION TO DEFENDANTS' JOINT MOTION
TO CONTINUE SENTENCING HEARING AND SUBMISSION DEADLINES

On August 5, 2013, defendants Joseph Caramadre ("Caramadre") and Raymour Radhakrishnan (Radhakrishnan") filed a motion to continue their sentencing hearings in this case, presently scheduled for September 13, 2013. Caramadre has already requested and received numerous postponements of his sentencing date, all of which have served to continue Radhkrishan's sentencing as well. The government, the public and especially the victims have a strong interest in having the defendants sentenced expeditiously for their crimes. Caramadre's continued attempt to delay his sentencing, all of which have served to delay Radhakrishnan's sentencing as well, should be denied.

Caramadre and Radhkrishnan pled guilty to wire fraud and identity theft back on November 19, 2012. At the change of plea hearing, the Court set sentencing for February 8, 2013. At a status conference in January 2013, Caramadre's counsel indicated that he would need more time to prepare for sentencing and advised that there was a strong likelihood that Caramadre would be filing a motion to withdraw his guilty plea. The Court granted Caramadre's request to postpone

the sentencing hearing and rescheduled the sentencing to March 29, 2013.  On February 28, 2013, Caramadre indeed filed a motion to withdraw his plea, which led to a lengthy hearing on a motion that the Court has described as meritless.  When on May 20, 2013, the Court announced its decision to deny Caramadre's motion to withdraw, it set sentencing for July 9, 2013.  On June 18, 2013, Caramadre requested another continuance of the sentencing hearing; the Court agreed to this request and once again postponed Caramadre's and Radhakrishnan's sentencing to September 13, 2013.  Now, as that date approaches, Caramadre requests yet another continuance and is this time joined by co-defendant Radhakrishnan.

      Defendants request a continuance on the ground that counsel need further time to prepare.  Counsel has had more than enough time to prepare for sentencing.  Counsel for Radhakrishnan has represented Radhakrishnan, either in a stand-by or full capacity, for almost two years.  Current counsel for Caramadre entered his appearance on January 10, 2013, after the draft Presentence Report had been issued.  Caramadre and counsel apparently elected to spend the next few months preparing a meritless motion to withdraw the plea rather than focusing on the Presentence Report and related sentencing issues.  Counsel should have been prepared to proceed directly to sentencing as soon as the motion to withdraw was denied; counsel's apparent failure to so prepare is not a ground to continue the sentencing.  However, even if some consideration were given to Caramadre's preoccupation with the motion to withdraw, that motion was denied on May 20, 2013.  With the continuance that was granted in June 2013, counsel will have had almost four months since the motion to withdraw was denied to prepare for the September 13, 2013 sentencing hearing.  Counsel has already represented Caramadre for about seven months; there is no reason why counsel cannot be prepared for sentencing on September 13, 2013.

Counsel's argument that additional time is needed to determine the amount of loss is misplaced. On June 18, 2013, the Court referred the loss issue to Magistrate Judge Sullivan who promptly scheduled a hearing for August 22, 2013. In fact, on July 10, 2013, Judge Sullivan issues a Scheduling Order which set forth the evidentiary hearing and briefing schedule. In an effort to ensure that Caramadre and his counsel had sufficient time to prepare for the loss hearing, on July 12, 2013 the Government voluntarily sent counsel for Caramadre the summary charts it will use in the evidentiary hearing. Prior to trial in November 2012, the Government sent similar summary documents to counsel for Radhakrishnan and to Caramadre's predecessor counsel. In addition, the Government filed a Memorandum of Law on August 5, 2013, which explained in great detail how the losses on the annuities were calculated.

While the precise amount of loss must be calculated for restitution purposes, a hearing on restitution can take place up to 90 days after sentencing. See 18 U.S.C. § 3664(d)(5). For purposes of sentencing, there is little doubt that Caramadre will be facing a Guideline range of life imprisonment with a binding plea agreement of up to 10 years.[1] The draft Presentence Report calculated Caramadre's offense level to be a Level 49, which is 6 levels higher than the level that calls for life imprisonment. That calculation actually gave Caramadre credit for acceptance of responsibility as it was performed before Caramadre moved to withdraw his guilty plea; his offense level would therefore be a Level 51. The loss amount, of more than $47,000,000, fell

---

[1] There is also no doubt that Radharkishnan will be facing a Guideline range that is substantially greater than the ten years provided for in his plea agreement. The draft Presentence Report calculated Radhakrishnan's guideline range to be 324-405 months. While this range may well change once the final Presentence Report is issued, there is no question that Radhakrishnan will be facing a guideline range that is far greater than the ten year maximum called for in his plea agreement.

within the $20,000,000 - $50,000,000 guideline range and added 22 levels.  For Caramadre to even get below an offense level that calls for life imprisonment, 9 levels would have to be subtracted from his Guidelines calculation.[2]   What that means is that so long as the loss amount is above $400,000 (which would add 14 levels), Caramadre would face a Guideline range of life imprisonment.  Caramadre's argument that he needs even more time to address the amount of loss is a red herring.  It is clear that he faces a Guideline range of life imprisonment and that the Court is bound under the terms of the plea agreement to a sentence of ten years.  The Court and the parties can and should proceed to the sentencing issues under 18 U.S.C. § 3553.

After months of delay after delay, the United States, the public and the victims have an interest in this case proceeding to sentencing.  Defendants' motion for a further continuance should be denied.

                                                    Respectfully submitted,

                                                   PETER F. NERONHA
                                                   UNITED STATES ATTORNEY

                                                   /s/ Lee H. Vilker
                                                   LEE H. VILKER
                                                   Assistant U.S. Attorney

                                                   JOHN P. MCADAMS
                                                 Assistant U.S. Attorney
                                                 U.S. Attorney's Office
                                                 50 Kennedy Plaza, 8th Floor
                                                 Providence, RI 02903

---

[2] The final Presentence Report has not yet been issued and the final Guidelines calculations may change.  The United States has argued that several additional enhancements apply while Caramadre may well argue that certain other enhancements were incorrectly applied.  There is no question, however, that the final result will be an offense level that easily calls for life imprisonment.

## CERTIFICATE OF SERVICE

      I, hereby certify that on this 6th day of August, 2013, I caused the within Government's Objection to be served via the Court's Electronic Filing System on:

**For Joseph Caramadre**:
Randy Olen, Esq.
William Murphy, Esq.

**For Raymour Radhakrishnan**:
Olin Thompson, Esq.

                                        /s/ Lee H. Vilker
                                        Lee H. Vilker
                                        Assistant U.S. Attorney
                                        United States Attorney's Office
                                        50 Kennedy Plaza, 8th Floor
                                        Providence, RI 02903