UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR 11-0186 02 S |
| | ) | |
| RAYMOUR RADHAKRISHNAN | ) | |

MEMORANDUM REGARDING RESTITUTION

Now comes Raymour Radhakrishnan, the Defendant in the above captioned matter, and makes argument regarding the loss amounts in this case. The defendant limits his arguments here to the amount of alleged loss caused by the fraud in this case. Defendant leaves for argument at sentencing the issue of whether he should be required to pay all or any part of that loss as restitution.

I.  The Bond Accounts

A. There Is No Loss to the Bond Issuers from the Investment Scheme in this Case

The entirety of the $12,482,108.36 in claimed losses to bond issuers is not money or value actually lost by the bond issuers. Corporate bonds are corporate debt agreed to by corporations. Under the terms of those bonds the corporations are obligated to pay to the holder of a bond: 1) interest on the face value of the bond until the redemption date; and 2) the face value of the bond on the redemption date. Some corporations choose to include a "death put" option into the terms of their bonds to make them more attractive to investors. When a corporation chooses to include such an option it is required to hold a certain amount of money in reserve specifically for the possibility that a number of these death put options will be exercised in any given year. Bond terms of bonds including a death put option include a limit on how many death put options the corporation will honor in a given

year.

The redemption of the bonds in this case caused by exercise of the "death put" option simply advanced the redemption date for these bonds. This caused the corporations to pay the face value of the bonds earlier than they would have had to, but did not cause to corporations to "lose" any money. The corporations in fact benefitted by taking the face value of the redeemed bonds off their debt sheet and also by being relieved of paying interest on the bonds until the future date of redemption.

### B. The Alleged Losses Due to Agreed Victim Account Holders Is $4,190,483.35

The majority of the government's claimed bond losses comes from accounts on which no fraud occurred. As part of the joint Statement of Facts in this matter (Government Bond Exhibit 1), the government enumerated, and the defendant agreed to, a list of terminally ill individuals whose identity information was used without their knowledge. The government's table 2 includes as Account Holders many names that were not part of that agreed statement of facts.[1] As to those account holders, no fraud has been agreed to or found in a judicial proceeding. Any supposed losses caused by the exercise of death put option on those accounts are not losses for the purposes of restitution in this case because they did not involve fraud.

Mr. Radhakrishnan submits Table A - Claimed Bond Losses by Agreed Account Holder Victims to show the government's claimed bond losses when we only include those account holders who have been agreed to by the parties as victims. As shown on that table, the bond loss value when considering those agreed account holder victims would be $4,190,483.35.

---

[1] Names included in government's Table 2 but not agreed to as identity fraud victims in the Joint Statement of Facts are Bastia, Battey, Bentley, Bento, Bortle, Brisson, Brunt, Buckman, Bulpitt, Carnevale, Cate, Cundy, Daigle, Dinsmore, Disaro, Duarte, Egan, Franco, George, Horton, Ianiero, Lancellotti, Logan, Rainville, Robichaud, Rogers, Ruisi, Sanford, Santagata, Santos, Senecal, Sgambato, Stroup, Taborelli, Taylor, and Turgeon

## II. The Annuity Accounts

A.   The Alleged Losses Due to Agreed Victim Annuitants is $1,641,737.25

As in section (I)(B) above, the vast majority of the government's claimed losses from variable annuity accounts occurred on annuity accounts in which the annuitant was not an agreed victim in this case. Government's Exhibit E - Summary of Losses from Variable Annuities lists many annuitants, but only two of those listed are found in the State of Facts.[2] These agreed victims are John Gonzalves and Edwin Rodriguez.

Defense Table B, entitled Claimed Variable Annuity Losses by Agreed Annuitant Victims, shows that the losses in this case on annuities involving named annuitant victims totals $1,641,737.25.

Respectfully Submitted<br>
Raymour Radhakrishnan,<br>
By and through his counsel<br>
<br>
/s/ Olin Thompson<br>
Olin Thompson<br>
Assistant Federal Defender

## Certification

I hereby certify that I caused this Objection to be delivered by electronic notification to AUSAs Lee Vilker and John McAdam, 50 Kennedy Plaza, 8th Floor, Providence 02903; Attorney Randy Olen,

---

[2] Names included in government's Annuity Exhibit E but not agreed to as fraud victims in the joint statement of facts are: Ancona, Battey, Blowers, Brunt, C. Buckman, M. Buckman, Bulpitt, Carnevale, Castillona, Conti, Digiovanni, Duarte, Egan, Esser, Friberg, Garvey, Horton, Ianiero, Imperotore, Lamonte, Lancellotti, Lee, Love, Mcgetrick, Mizzoni, O'Donnell, O'Mally, Paneto, Pitocco, Proulx, Restante, Robichaud, Rose, Ruggieri, Sammartino, Stroup, Veveiros, and Zisman.

55 Bradford St., Ste. 203, Providence, RI 02903; Attorney William Murphy, 126 Dorrance St., Providence, RI 02903; and USPO Kristin Mattias, 36 Exchange Terrace, Providence 02903, on this the 25th day of September, 2013.

/s/ Olin Thompson