UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 11-186-ALL-S |
| ) | |
| JOSEPH CARAMADRE and ) | |
| RAYMOUR RADHAKRISHNAN ) | |

# MEMORANDUM AND ORDER

Defendant Joseph Caramadre, acting through his counsel, made an oral motion during the Chambers Conference held on October 7, 2013, seeking leave to conduct the cross-examination of the Government's witness himself – in lieu of either of his attorneys – at the upcoming October 9, 2013, evidentiary hearing on the loss sustained by alleged insurance company victims. Defendant Caramadre argues that he has more expertise and knowledge than his attorneys on the transactions that will be the subject of the testimony so that he can conduct the cross-examination more effectively. Further, he is not a legal neophyte, having practiced as an attorney for many years.[1] The Government opposes the motion, arguing that a cross-examination conducted by Caramadre creates the risk that the hearing would become a circus. Instead, the Government urges this Court to permit Caramadre's counsel ample opportunity to confer with him during cross-examination but to require that the examination be conducted by counsel.

---

[1] Because of his criminal conviction, Caramadre has been or is about to be disbarred from the practice of law. His current status as an attorney is not material to the determination of this motion, which is based on his right to appear in his personal (i.e., *pro se*) capacity. See McCulloch v. Velez, 364 F.3d 1, 4-5 (1st Cir. 2004) (lawyer is ethically barred from appearing as counsel in a case in which he might be a percipient witness, but may appear *pro se* subject to exercise of court's discretion whether to permit hybrid representation).

A defendant has a right to be represented by counsel, or to proceed *pro se*, but does not have the right to "hybrid representation," that is, choosing those portions of the proceeding he wishes to conduct and leaving the rest to counsel. United States v. Campbell, 61 F.3d 976, 981 (1st Cir. 1995) (internal citations omitted); see also United States v. Washington, 434 F.3d 7, 16 (1st Cir. 2006) (citing United States v. Nivica, 887 F.2d 1110, 1121 (1st Cir. 1989)). This does not mean that hybrid representation is forbidden; rather, "it is to be employed sparingly and, as a rule, is available only in the district court's discretion." Campbell, 61 F.3d at 981 (quoting Nivica, 887 F.2d at 1121). District courts have discretion to deny hybrid representation outright or to place reasonable limitations and conditions upon the arrangement. Washington, 434 F.3d at 16.

Caramadre's knowledge of the subject matter of the testimony is not an adequate justification for permitting such an unorthodox approach. The testimony in question is that of Internal Revenue Service Special Agent Troy Niro, which will be largely factual and will focus on a straightforward arithmetical calculation to determine the amount of the loss. No specialized comprehension of an esoteric area of expertise will be required. Such a cross-examination calls for the skills of an experienced trial lawyer (which Caramadre has on his legal team) – indeed, such a cross-examination will be far more effectively elicited by his experienced defense counsel, who are far better able to distill the information he can provide into an effective cross-examination.

Balanced against the lack of any strong reasons to permit hybrid representation is the burden that it imposes on the Court, which must protect the defendant from the consequences of his own folly. Nivica, 887 F.2d at 1122. The procedural protections of the Fifth, Sixth and Fourteenth Amendments all come into play when a *pro se* criminal defendant engages in

unorthodox courtroom tactics as proposed here.  Id. (citing Mayberry v. Pennsylvania, 400 U.S. 455, 462-63 (1971)).  It is also worth noting that Caramadre's legal experience appears to have been in the areas of insurance and estate planning and not as a federal criminal trial attorney.

I find that Caramadre's attorneys are more than capable of conducting an effective cross-examination under these circumstances based on the factual information that he will be able to provide.  To accommodate Caramadre as far as possible, he will be permitted to confer with his counsel throughout the cross-examination so that all avenues suggested by his knowledge may be explored; to assure that this opportunity may be used efficaciously, the courtroom has been re-configured so that he may be seated in immediate proximity to his attorney during the cross-examination.  See Campbell, 61 F.3d at 981 (trial court did not abuse discretion in denying defendant's request for hybrid representation for cross-examination of highly-technical witness by allowing frequent conferral with counsel).  This approach balances Caramadre's interest in bringing his knowledge of the case to bear during cross-examination with the Court's responsibility for the orderly administration of the hearing.  See id.

Caramadre's motion for hybrid representation so as to permit him to conduct the cross-examination of the Government's witness on the alleged loss from the insurance annuities is DENIED.

So ordered.

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 8, 2013