UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CASE NO.: 11-00186-01S |
| | : | |
| JOSEPH CARAMADRE | : | |

### DEFENDANT, JOSEPH CARAMADRE'S MOTION AND MEMORANDUM FOR A SENTENCING VARIANCE

Now comes the Defendant, Joseph Caramadre, in the above-entitled matter and hereby motions this Honorable Court for a sentencing variance.

**I. TRAVEL:**

Joseph Caramadre was indicted on November 17, 2011, by a Federal Grand Jury for the District of Rhode Island in a sixty-six (66) count indictment charging him with various violations of the Federal Criminal Code. The Defendant appeared before United States Magistrate Judge David L. Martin on November 30, 2011, and was released on unsecured bond with additional conditions of release.

A jury trial commenced on November 13, 2012. The Defendant plead guilty to Count 9 and Count 33 of the indictment on November 19, 2012. The plea was the result of a Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Defendant's plea was accepted by the Court and his original sentencing date was scheduled for February 8, 2013.

Prior to the original sentencing date, Mr. Caramadre motioned to withdraw his guilty pleas to Count 9 and Count 33. The Court denied Defendant's motion to withdraw his guilty pleas.

1

A three (3) day restitution hearing was held this Fall before Magistrate Judge Patricia A. Sullivan. The Defendant filed an objection to the Report and Recommendation regarding restitution under separate cover.

**II.     GUIDELINE RANGE:**

The Presentence Investigation Report indicates that Mr. Caramadre's Base Offense Level is 7 with a Criminal History of I (Guideline Advisory Range - 0-6 months).

After specific offense characteristics and adjustments are added, Mr. Caramadre's total Offense Level becomes a 51. (Guideline Advisory Range – Life Imprisonment).

**PLEA AGREEMENT RANGE:**

The binding Plea Agreement authorizes a maximum sentence of ten (10) years.

**III.    JOSEPH CARAMADRE'S SENTENCING REQUEST:**

Joseph Caramadre requests that this Honorable Court sentence him as follows to achieve the goals of sentencing according to the mandates of 18 USC §3553.

   A.  A sentence of four (4) years to serve. Two (2) years to be served in confinement followed by two (2) years of home detention.

   B.  He perform three thousand (3,000) hours of public service restitution at a Rhode Island non-profit agency while on home detention.

Said sentence would serve the ends of justice, deter others from committing like crimes and allow a non-profit agency to receive needed help.

**IV.    SENTENCING FACTORS:**

A Court shall impose a sentence sufficient but not greater than necessary. 18 USC §3553(a).

The Advisory Guideline Range in this case does not provide adequate assistance to this Honorable Court for purposes of fashioning an appropriate sentence.

Mr. Caramadre is a first time offender who plead to two (2) non-violent offenses.

Although the factual backdrop of this case may be distasteful, the need for a ten (10) year sentence as recommended by the Government is too severe.

Joseph Caramadre is a fifty-three (53) year old life-long resident of Rhode Island. Mr. Caramadre has been married to his wife Paula for twenty-three (23) years. They have three (3) children ages 19, 17, and 13. The Defendant has been gainfully employed for his entire adult life. He has helped countless people and organizations with monetary donations and voluntary service. The letters of support submitted on Mr. Caramadre's behalf are a testament to his record of charitable work. (18 USC §3553 (a)(1)).

A sentence of two (2) years in prison followed by two (2) years of home detention is an adequate deterrence both to the Defendant and to anyone contemplating engagement in similar behavior. (18 USC § 3553 (a)(1)(B)).

The public would be protected by the Defendant's requested sentence. (18 USC § 3553 (a)(1)(C)).

## V.     DEFENDANT'S MEDICAL CARE WOULD BE MOST EFFECTIVE ON HOME DETENTION.  18 USC §3553 (A)(2)(D).

Attached to this sentencing memorandum are letters from Mr. Caramadre's treating mental health professionals, Sarah Xavier, D.O. and Caron Zlotnick, Ph.D, as well as his treating physician, Lewis Weiner, MD. The letters submitted clearly demonstrate that Mr. Caramadre suffers from extraordinary physical impairments which warrants relief.

3

The Presentence Report indicates that Mr. Caramadre "has a myriad of health problems" including the following, which have been treated by Dr. Lewis Weiner: high blood pressure; an inoperable ventral hernia; diverticulitis; fainting spells; sleep apnea, which requires him to sleep with a mask at night; a history of trapezious pain and back pain requiring routine chiropractic exercise; swallowing problems that cause him to choke; breathing and cardiac issues; a history of right brachiliodialis and elbow pain; history of variable vision with impaired corneas after Lasik surgery; history of anxiety; history of nephrolithiasis, asymptomatic, though microscopic hernia persists; history of GERD; history of OB positive stool; history of asthma; history of vertigo; history of ADD; hypertension; history of prostatism; history of skin tags; history of ostalgia; increased hemoglobin. In addition to Dr. Weiner, Mr. Caramadre has treated with Gyan Pareek, M.D. for kidney stones.

The attached letter from Dr. Weiner corroborates that which is mentioned in the Presentence Report. Dr. Weiner also adds that:

> [h]is main disability has been related to accelerated depression, fatigue, difficulties with disabling anxiety, which has resulted in cognitive difficulties including memory, focus, concentration, motivation and stamina.
>
> Based on this history, it is clear that the stress of his legal proceedings *as well as the effect of future incarceration would have a significant deleterious effect on his general health, both physical and mental*.

See Letter from Lewis R. Weiner, MD (emphasis added) (attached).

The Presentence Report also indicates that Mr. Caramadre has been under the care of Sarah L. Xavier, D.O., since October 13, 2011. Mr. Caramadre has been diagnosed with Major Depressive Disorder, Recurrent, and Severe Anxiety Disorder Not Otherwise Specified. The Presentence Report further states that:

> For these symptoms, *which are profound and disabling*, he is prescribed Pristiq 50 milligrams, Seroquel XR 100, Clonopin .5 milligrams twice a day (with ability to take an additional .5 milligrams as needed once per day), and Deplin, 15 milligrams.

See Presentence Investigation Report at 37 (emphasis added). The Report also states that according to information provided by Dr. Xavier, Mr. Caramadre's mental health condition has been longstanding and his symptoms have been largely treatment refractory. He has undergone multiple medication trials dating back to 2001, and he has undergone neuromodulation, Transcranial Magnetic Stimulation[1]. An attached letter from Dr. Xavier corroborates the information in the Presentence Report.

Mr. Caramadre is also treated by Caron Zlotnick, Ph.D for his depression and anxiety. A letter from Dr. Zlotnick (attached) indicates that Mr. Caramadre has been her psychotherapy patient since December 1, 2009. Her letter explains that she has been treating him for "major depression that has been chronic and associated with comorbid anxiety," and that "his depression at times has been severe". She concludes that "[g]iven his history of mental illness, *a long period of incarceration could result in a severe episode of depression with serious impairment*." See Letter from Caron Zlotnick, Ph.D (emphasis added) (attached).

### Mr. Caramadre's Extraodinary Physical and Mental Impairments Warrant A Downward Departure

In determining whether a defendant's physical condition justifies a downward departure from the Sentencing Guidelines, the sentencing court must consider whether the impairments are serious and imminent medical threats, which could be made worse by incarceration, and/or which the Federal Bureau of Prisons could not adequately treat. United States v. Pineyro, 372

---

[1] Transcranial Magnetic Stimulation involves the use of a small electromagnetic coil, controlled by a computer program, which is used to deliver short, powerful bursts of magnetic energy focused precisely on the left side of the brain's frontal cortex. It is used for treatment of patients suffering from depression who have not achieved satisfactory improvement from prior antidepressant medications. See www.butler.org/tms/.

5

F.Supp. 2d 133, 138 (D. Massachusetts 2005). The sentencing court should ask of a particular defendant whether the defendant's condition is such that he would find imprisonment more than the normal hardship; whether it would subject him to more than the normal inconvenience or danger; and whether it has any substantial present effect on the defendant's ability to function. United States v. Rabins, 63 F.3d 721, 729 (8th Cir. 1995).

To each of these salient inquiries, the answer is unequivocally affirmative; the evidence provided by Mr. Caramadre's health care providers leaves no room for doubt on each question. Moreover, Mr. Caramadre's mental health condition is so acute, and his medical regime so complicated, that there is little doubt that the Bureau of Prisons would not be able to adequately accommodate him.

The relevant factors under which courts have looked to in deciding the 5H1.4 motions all weigh heavily in support of a variance for Mr. Caramadre. Based upon the evidence provided by his health care providers, there can be no dispute that Mr. Caramadre's severe depression qualifies as an extraordinary physical impairment. His medical condition is unusual in kind and degree, even when compared with the universe of individuals suffering from severe depression. His condition is controlled by constant adjustment of his various medications, and through counseling sessions. Given these circumstances, it is reasonable to argue that the Bureau of Prisons would not be able to provide adequate care, no matter how modern and otherwise competent its facilities and personnel.[2]

---

[2] Having raised the issue, it is the Government's burden to demonstrate that the Bureau of Prisons could provide adequate treatment under the particular circumstances of an individual case. See United States v. Long, 977 F.2d 1264, 1278 (8th Cir. 1992). Even if it could do so, the ability of the Bureau of Prisons to accommodate a disability is an important, but not dispositive factor. United States v. Boy, 1994 U.S. App. LEXIS 3912, *8 (9th Cir. 1994). "A district court may consider any number of circumstances in making its finding on the question of extraordinary physical impairment under Section 5H1.4". Id., citing United States v. Martinez-Guerrero, 987 F.2d 618, 620 (9th Cir. 1993).

**WHEREFORE,** your Defendant prays his within Motion for a Sentencing Variance be granted.

        Respectfully submitted,
        Joseph Caramadre,
        By his Attorney,


        /s/ William J. Murphy
        Murphy & Fay, LLP
        127 Dorrance Street – 2nd Floor
        Providence, Rhode Island 02903
        Tel.: 401-490-3200
        Fax: 401-490-3207


        */s/* Randy Olen
        478A Broadway
        Providence, Rhode Island 02909
        Tel.: 401-274-1400
        Fax: 401-274-2480


## **CERTIFICATION**

      I hereby certify that on this 12th day of December, 2013, I caused to be delivered, via electronic delivery, the within ***Sentencing Memorandum*** to:

John P. McAdams, Esq.        Lee Vilker, Esq.
U.S. Attorney's Office         U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor    50 Kennedy Plaza, 8th Floor
Providence, RI 02903         Providence, RI 02903

Olin W. Thompson, Esq.
Federal Defender's Officer
10 Weybosset Street, Suite 300
Providence, RI 02903

        /s/William J. Murphy

7