**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | Cr. 11-186-S |
| | : | |
| JOSEPH CARAMADRE | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR A SENTENCING VARIANCE**

On December 12, 2013, defendant Joseph Caramadre ("Caramadre") filed a motion for a sentencing variance based on extraordinary physical impairments.  Within that motion, defendant argues for both a "variance" from the Guidelines and a "departure" from the Guidelines.  As it is unclear to the Government whether defendant is seeking a traditional downward departure or a post-Booker variance from the Guidelines, the Government will address both forms of requested relief.

To the extent Caramadre is requesting a variance from the Guidelines due to his medical conditions, the Court is certainly able to consider this factor in its sentencing analysis under 18 U.S.C. § 3553.  While the Government has no doubt that defendant is sincere in his articulation of his medical conditions, those conditions do not warrant a deviation below the Guidelines range or the 10 year sentence provided for under the terms of the binding plea agreement.  There is no reason to believe that the

1

Bureau of Prisons cannot effectively treat defendant's medical
conditions, including his depression and anxiety.  Indeed,
defendant has been receiving, apparently without complaint,
appropriate medical care for the last seven months in the Donald
W. Wyatt Detention Facility.  There is simply no reason to
believe that the Bureau of Prisons will be unable to afford
defendant with the necessary medical treatment.  While
defendant's medical condition is certainly a relevant sentencing
factor, it is outweighed in this case by the other factors cited
in the Government's Sentencing Memorandum, including the nature
of the offense and the need to provide just punishment and to
afford adequate deterrence.

     To the extent defendant is seeking a traditional departure
under the Guidelines, the case law is clear that such a
departure is unwarranted.  Section 5H1.4 of the Guidelines
permit a downward departure if the defendant suffers from an
"extraordinary physical impairment."  Caramadre's medical
conditions do not rise to the level that is required to receive
a departure under the Guidelines.

     In United States v. Lujan, 324 F.3d 27 (1st Cir. 2003), the
Court of Appeals affirmed the denial of a motion for downward
departure for a defendant who had only one kidney, who suffered
from cirrhosis and calcified arteries and who had a demonstrated

history of heart disease.  The district court denied the motion for a downward departure, finding the defendant's medical conditions to be "fairly common" and not "sufficiently extraordinary" to warrant a departure.  Id. at 33.

Likewise, in United States v. Woodward, 277 F.3d 87 (1st Cir. 2002), the Court of Appeals affirmed the denial of a downward departure motion for an extraordinary physical impairment.  In Woodward, the defendant was paralyzed, had three blocked arteries, suffered from diabetes, took between 10-14 medications as a result of these conditions and had been hospitalized many times.  Id. at 90.  Notwithstanding these conditions, the Court denied the motion, holding that although the defendant "suffered from a large number of severe and very life limiting physical infirmities . . . a departure was unjustified because the defendant's health would not be materially better if he were released early from prison."  Id. at 93.

In this case, there is absolutely no reason to believe that the Bureau of Prisons cannot adequately treat Caramadre's medical conditions.  Given the unfortunate prevalence of depression and anxiety in our society, the Bureau of Prisons has ample experience in providing care for inmates suffering from these conditions.  As defendant does not suffer from an

3

"extraordinary" physical impairment, his motion for a downward

departure under the Guidelines should be denied.

                              Respectfully submitted,


                              PETER F. NERONHA
                              UNITED STATES ATTORNEY

                              /s/ Lee H. Vilker
                              Lee H. Vilker
                              John P. McAdams
                              Assistant U. S. Attorneys
                              U. S. Attorney's Office

## CERTIFICATION

I, hereby certify that on December 13, 2013, I caused the within Government's Response to Motion for Sentencing Variance to be filed under seal with the United States District Court for the District of Rhode Island.

Service provided to:
Randy Olen, Esq.
William Murphy, Esq.
Olin Thompson, Esq.

/s/ Lee H. Vilker
Lee H. Vilker
Assistant U. S. Attorney
U. S. Attorney's Office