AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case (*NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

RECEIVED
FEB 25 2014
U.S. Marshals Service
District of Rhode Island

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| JOSEPH CARAMADRE | Case Number: 1:11CR00186-01S |
| | USM Number: 08549-070 |
| | William J. Murphy, Esq. and Randy Olen, Esq. |
| | Defendant's Attorney |

JDIS
ENTERED
INITIALS

Date of Original Judgment: December 26, 2013
(Or Date of Last Amended Judgment)
**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☑ pleaded guilty to count(s)   IX and XXXIII of the Indictment
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | August 2010 | IX |
| 18 U.S.C. § 371 | Conspiracy to Commit Offenses Against the United States | August 2010 | XXXIII |

* The defendant is sentenced as provided in pages 2 through __12__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☑ Count(s)  I-VIII, X-XXXII, XXXIV-LXVI   ☐ is  ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 16, 2013
Date of Imposition of Judgment

Signature of Judge
William E. Smith
Chief Judge
Name and Title of Judge

2/25/14
Date

AO 245C  (Rev. 06/05) Amended Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page  2  of  12

DEFENDANT: JOSEPH CARAMADRE
CASE NUMBER: 1:11CR00186-01S

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

72 months as to Count IX and 60 months as to Count XXXIII, to be served concurrently with each other.

☒ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be placed in a facility as close to Rhode Island as possible.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____.

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

\* Amended J+C was Received on 3/18/2014 [signature] CSO
AT FMC Devens.

Defendant delivered on  01/09/2014  to  FMC Devens
at Ayer MA , with a certified copy of this judgment.

J GRONDOLSKI (WARDEN)
~~UNITED STATES MARSHAL~~

By CSO J Hoy
  DEPUTY UNITED STATES MARSHAL

2014 MAR 27 P 3:38
FILED

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
           Sheet 3 — Supervised Release

DEFENDANT: JOSEPH CARAMADRE
CASE NUMBER: 1:11CR00186-01S

Judgment—Page 3 of 12

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 years as to Counts IX and XXXIII, to run concurrently with each other.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

### FOR OFFICIAL USE ONLY - US PROBATION OFFICE

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or (3) modify the conditions of supervision.
These conditions have been read to me. I fully understand them and have been provided a copy.

(Signed)

_____    _____
Defendant                          Date

_____    _____
US Probation Officer/Designated Witness    Date

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page 4 of 12

DEFENDANT: JOSEPH CARAMADRE
CASE NUMBER: 1:11CR00186-01S

## SPECIAL CONDITIONS OF SUPERVISION

In addition, the defendant shall comply with the following special condition(s):

1. Participate in a program of mental health treatment as directed and approved by the Probation Office. The defendant shall contribute to the costs of such treatment based on ability to pay as determined by the probation officer.

2. The defendant shall perform 1000 hours of community service per year for a total of 3000 hours, as directed and approved by the probation officer. The service shall be devoted to the terminally ill elderly in hospice or palliative care or other service for the elderly like Meals on Wheels. The defendant shall not perform any work that would bring him into contact with confidential information.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 12

DEFENDANT: JOSEPH CARAMADRE
CASE NUMBER: 1:11CR00186-01S

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine   | * Restitution    |
|--------|------------|--------|------------------|
| TOTALS | $ 200.00   | $ 0.00 | $ 46,330,077.61  |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| American National<br>ATTN: General Counsel<br>1 Moody Plaza<br>Galveston, TX 77550 | $64,297.04 | $64,297.04 | |
| AXA Equitable<br>Mr. Henry Lewer, Assistant Vice President<br>10840 Ballantyna Commons Parkway<br>Charlotte, NC 28277 | $540,861.60 | $540,861.60 | |
| Genworth Life and Annuity Company<br>Mr. Harry Markland<br>6620 West Broad Street, Building 2<br>Richmond, VA 23230 | $4,162,851.06 | $4,162,851.06 | |
| TOTALS | $ 46,330,077.61 | $ 46,330,077.61 | |

☐ If applicable, Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☑ the interest requirement is waived for the  ☐ fine  ☑ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

Judgment—Page __6__ of __12__

DEFENDANT: JOSEPH CARAMADRE
CASE NUMBER: 1:11CR00186-01S

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Golden America Life Insurance Company/ING<br>ATTN: General Counsel<br>5780 Powers Ferry Road NW<br>Atlanta, GA 30327 | $439,068.78 | $439,068.78 | |
| ING<br>Mr. John Culpin<br>One Orange Way, Mailstop B1-N<br>Windsor, CT 06095-4774 | $2,811,345.73 | $2,811,345.73 | |
| Jefferson National<br>Ms. Missy Pullam<br>9920 Corporate Campus Drive, Suite 100<br>Louisville, KY 40223 | $2,455,309.25 | $2,455,309.25 | |
| Life of Virginia/Genworth<br>Mr. Harry Markland<br>6620 West Broad Street<br>Richmond, VA 23230 | $95,187.20 | $95,187.20 | |
| Lincoln Benefit Company<br>2940 South 84th Street<br>Lincoln, NE 68506 | $366,575.04 | $366,575.04 | |
| MetLife<br>1095 Avenue of the Americas<br>New York, NY 10166 | $1,700,791.15 | $1,700,791.15 | |
| Midland National Life Insurance<br>Ms. Nancy Redemis<br>1 Sammons Plaza<br>Sioux Falls, SD 57913 | $1,897,006.36 | $1,897,006.36 | |
| Nationwide<br>Ms. Catherine Venard<br>1 Nationwide Plaza<br>Columbus, OH 43215 | $11,395,384.65 | $11,395,384.65 | |
| Pacific Life<br>Ms. Sylvia Labeda<br>700 Newport Center Drive<br>Newport Beach, CA 92660 | $1,329,694.10 | $1,329,694.10 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 5B(2) — Criminal Monetary Penalties

DEFENDANT: JOSEPH CARAMADRE
CASE NUMBER: 1:11CR00186-01S

Judgment—Page 7 of 12

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Security Benefit<br>Attn: Law Department, Mr. Steve Knight<br>1 Security Benefit Place<br>Topeka, KS 66636 | $3,000,578.56 | $3,000,578.56 | |
| Transamerica<br>Mr. David Berry<br>4333 Edgewood Road NE<br>Cedar Rapids, IA 52499 | $909,907.21 | $909,907.21 | |
| General Motors ACCEP Corp.<br>Attn: Jim Gallagher<br>C/O Allied Global Secuirty<br>1100 Virginia Drive, Ft. Washington, PA 19034 | $4,703,638.83 | $4,703,638.83 | |
| Lehman Brothers Holdings<br>Barclays Bank, ATTN: General Counsel<br>100 S. West Street<br>Wilmington, DE 19801 | $329,883.74 | $329,883.74 | |
| Lasalle BK NA Chicago III<br>Attn: Lisa Lui Bank of America Fraud Investigations<br>Mail Code MA6-105-01-01<br>808 Beacon Street, Newton MA 02459 | $220,050.04 | $220,050.04 | |
| John Hancock Life Insurance<br>601 Congress Street<br>Boston, MA 02108 | $212,871.69 | $212,871.69 | |
| Standard Federal Bank NA<br>ATTN: Legal Department<br>2600 West Big Beaver Road<br>Troy, MI 48084 | $115,334.72 | $115,334.72 | |
| Marshall & Ilsley Corp.<br>BMO Harris Bank<br>770 N. Water Street<br>Milwaukee, WI 53202-3509 | $53,964.40 | $53,964.40 | |
| Caterpillar Financial Services Corp.<br>Rene Hawkins<br>2120 West End Avenue<br>Nashville, TN 37203 | $45,420.94 | $45,420.94 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 5B(3) — Criminal Monetary Penalties

Judgment—Page 8 of 12

DEFENDANT: JOSEPH CARAMADRE
CASE NUMBER: 1:11CR00186-01S

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Bank Hapoalim B M New York<br>1177 Avenue of the Americas<br>New York, NY 10026 | $5,791.74 | $5,791.74 | |
| SLM Corporation<br>300 Continental Drive<br>Newark, DE 19713 | $1,859.15 | $1,859.15 | |
| Minnesota Life Insurance<br>Ms. Christina Moore<br>400 Robert Street<br>St. Paul, MN 55101 | $379,033.01 | $379,033.01 | |
| Western Reserve<br>Mr. David Berry<br>4333 Edgewood Road NE<br>Cedar Rapids, IA 52499 | $1,102,464.28 | $1,102,464.28 | |
| Country Wide Financial<br>Attn: Lisa Lui Bank of America Fraud Investigations<br>Mail Code MA6-105-01-01<br>808 Beacon Street, Newton MA 02459 | $2,727,770.59 | $2,727,770.59 | |
| CIT Group Inc.<br>Ms. Christine Washington<br>1 CIT Drive<br>Livingston, NJ 07039 | $2,330,100.04 | $2,330,100.04 | |
| Bear Stearns Co. Inc.<br>383 Madison Avenue<br>New York, NY 10179 | $511,070.31 | $511,070.31 | |
| America General Financial<br>ATTN: Debra Perlingiere<br>P.O. Box 4373<br>Houston, TX 77210 | $312,191.64 | $312,191.64 | |
| Bank of America Corp.<br>Bank of America Fraud Investigations Group<br>808 Beacon Street, Mail Code MA6-105-01-01<br>Newton, MA 02459 | $193,381.90 | $193,381.90 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 5B(4) — Criminal Monetary Penalties

DEFENDANT: JOSEPH CARAMADRE
CASE NUMBER: 1:11CR00186-01S

Judgment—Page 9 of 12

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Prudential Financial<br>Ms. Christine Gillen, Legal Processing Unit<br>751 Broad Street, Plaza Building<br>Newark, NJ 07102 | $93,096.19 | $93,096.19 | |
| Mercantile Bank Orlando Fla<br>Ms. Liz Morgan, Loss Prevention<br>5610 Byron Center SW<br>Wyoming, MI 49519 | $50,531.21 | $50,531.21 | |
| Carolina First Bank<br>Mr. Tommy Rogers, Internal Security Manager<br>TD Bank, 1320 38th Avenue North<br>Myrtle Beach, SC 29577 | $48,717.58 | $48,717.58 | |
| General Electric Capital Corp.<br>Brackett Denniston, III, General Counsel<br>3135 Easton Turnpike<br>Fairfield, CT 06828 | $44,340.15 | $44,340.15 | |
| Protective Life<br>Ms. Lynne Williams<br>2801 Highway 280 South<br>PO Box 2606, Birmingham, AL 35223 | $34,939.61 | $34,939.61 | |
| HSBC Finance CP<br>Guidette Laracuente Sanchez, Senior Legal Counsel<br>452 Fifth Avenue<br>New York, NY 10018 | $25,593.47 | $25,593.47 | |
| Firstbank PR<br>First Bankcorp General Counsel<br>341 North Main Street<br>Troy, NC 27371-0580 | $25,089.86 | $25,089.86 | |
| Westernbank PR<br>General Counsel<br>Banco Popular de Puerto Rico<br>7 West 51st Street, New York, NY 10019 | $24,124.11 | $24,124.11 | |
| International Lease Finance Corporation<br>Mr. Scott Kennedy<br>10250 Constellation Boulevard, 34th Floor<br>Los Angeles, CA 90067 | $23,740.26 | $23,740.26 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 5B(5) — Criminal Monetary Penalties

DEFENDANT: JOSEPH CARAMADRE
CASE NUMBER: 1:11CR00186-01S

Judgment—Page 10 of 12

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Merrill Lynch Bank USA<br>Ms. Jennifer Knube<br>4 World Financial Center<br>250 Veasey Street, New York, NY 10080 | $17,867.77 | $17,867.77 | |
| MBIA Inc.<br>Mr. Andrew Hughes<br>113 King Street<br>Armonk, NY 10504 | $12,354.64 | $12,354.64 | |
| Hartford Life<br>Mr. Bill Yokow<br>One Hartford Plaza<br>Hartford, CT 06155 | $1,488,806.71 | $1,488,806.71 | |
| Providian National Bank<br>1 Chase Manhattan Bank<br>New York, NY 10005 | $7,594.98 | $7,594.98 | |
| Compass Bank<br>Ms. Ginny Carter<br>3317 6th Avenue South<br>Birmingham, AL 35233 | $5,525.58 | $5,525.58 | |
| Tennessee Valley Authority<br>Mr. Ralph E. Rodgers, General Counsel<br>400 W. Summit Hill Drive<br>Knoxville, TN 37092 | $4,568.45 | $4,568.45 | |
| Federal National Mortgage Assocation<br>Mr. Christopher Scanlan<br>International Plaza II<br>14221 Dallas Parkway, Ste 1000, Dallas, TX 75254 | $3,980.33 | $3,980.33 | |
| Federal Home Loan Mtg Corp.<br>ATTN: General Counsel<br>8200 Jones Branch Drive<br>McLean, VA 22102 | $3,276.73 | $3,276.73 | |
| Provident Bank of Cincinnati Ohio<br>ATTN: Restitution Department<br>PNC Bank<br>500 1st Avenue, Pittsburgh, PA 15219 | $2,245.23 | $2,245.23 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT: JOSEPH CARAMADRE
CASE NUMBER: 1:11CR00186-01S

Judgment — Page 11 of 12

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 46,330,277.61 due immediately.

    ☐ not later than _____, or
    ☐ in accordance   ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

**The joint and several liability amounts for all co-defendants listed on the next page are effective upon entry of judgment in their individual cases. Those amounts may be changed by the Court. The final judgment for each co-defendant reflects the amount of that co-defendant's liability.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
           Sheet 6A — Schedule of Payments

DEFENDANT: JOSEPH CARAMADRE
CASE NUMBER: 1:11CR00186-01S

Judgment—Page 12 of 12

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| 1:11CR00186-01S<br>Joseph Caramadre | $46,330,077.61 | $33,197,425.26 | |
| 1:11CR00186-02S<br>Raymour Radhakrishnan | $33,197,425.26 | $33,197,425.26 | |