```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF RHODE ISLAND


* * * * * * * * * * * * *    CRIMINAL ACTION
UNITED STATES OF AMERICA *    11-186-S
                         *
VS.                      *    MAY 9, 2013
                         *
JOSEPH CARAMADRE         *
                         *    PROVIDENCE, RI
* * * * * * * * * * * * *


          HEARD BEFORE THE HONORABLE WILLIAM E. SMITH

                        DISTRICT JUDGE

                     (Chambers Conference)



APPEARANCES:

FOR THE GOVERNMENT:          JOHN P. McADAMS, AUSA
                             and STEPHEN DAMBRUCH, AUSA
                             U.S. Attorney's Office
                             50 Kennedy Plaza
                             Providence, RI  02903


FOR THE DEFENDANT
Joseph Caramadre:            RANDY OLEN, ESQ.
                             Olen Law Office
                             55 Bradford Street
                             Suite 203
                             Providence, RI  02903

Court Reporter:              Anne M. Clayton, RPR
                             One Exchange Terrace
                             Providence, RI  02903




    Proceeding reported and produced by computer-aided
                        stenography
```

1    THE COURT:  This is the matter of the United
2    States versus Joseph Caramadre, and we have had an
3    extensive conference in chambers regarding some
4    disagreements among counsel, counsel for Mr. Caramadre
5    and counsel for Attorneys Traini and Lepizzera, with
6    respect to the document production that had been
7    previously ordered by the Court in the order issued on
8    April 12th, 2013, and discussed with counsel subsequent
9    to the first day of hearing in this matter.
10       After listening to counsel and discussing this
11   with them, I'm going to summarize what I understand the
12   current state of production to be and then I'm going to
13   fashion an order of what I want counsel to do prior to
14   the continuation of the hearing on Monday.
15       First of all, my understanding of the status of
16   the document production thus far is that Attorneys
17   Traini and Lepizzera have turned over to Mr. Olen what
18   has been characterized as "the file," the attorneys'
19   file of the case with the exception of certain
20   documents which they believe fall into the attorney
21   work product category.  That file consists of
22   approximately 460,000 pages of documents.
23       In addition, Mr. Gerstein, on behalf of
24   Attorneys Traini and Lepizzera, has provided 373
25   additional pages of materials that may fairly be

1     characterized as fact work product.
2              Is that correct, Ed?
3              MR. GERSTEIN:  Yes.
4              THE COURT:  You characterize that as work
5     product?
6              MR. GERSTEIN:  It was about 460.
7              THE COURT:  Then the second production of 76
8     pages.
9              MR. OLEN:  I think it was 82.
10             THE COURT:  Eighty-two pages, so for a total of
11    460 pages approximately, plus or minus pages.  Those
12    pages were turned over to Mr. Olen and also given to
13    the Government, and Mr. Gerstein and Attorneys Traini
14    and Lepizzera believe they fell within the specific
15    order of disclosure that I issued on April 12th.
16             Now, there are some additional documents which
17    have not been turned over, and they fall into three
18    categories.  There are 15 pages of documents that
19    Mr. Gerstein has brought with him to the conference
20    here today, which he's prepared to turn over subject to
21    an order of the Court to do so.  And those documents, I
22    believe, are also attorney work product but
23    Mr. Gerstein suggests that they may also touch upon the
24    areas that were required for disclosure in the April
25    12th order.

1        The second category are trial notes by Attorneys
2    Lepizzera and Traini, that is notes made about witness
3    testimony during the course of trial.  Then the third
4    category is an unspecified number of pages of documents
5    that Attorneys Traini and Lepizzera believe reflect the
6    mental impressions or opinions of counsel in some
7    regard about the case.
8        We've had an extensive discussion about that
9    third category of documents and what I've concluded is
10   that the best way to facilitate resolution of
11   disagreement between counsel about what should be done
12   with that category is to order that those documents be
13   submitted for in camera review, and I will determine
14   whether these documents should be disclosed to Attorney
15   Olen as part of -- and/or the Government as part of the
16   ongoing hearing on the Defendant Caramadre's motion to
17   withdraw his plea.
18       If I determine that these documents do not go to
19   the central issues claimed by Caramadre as the basis
20   for his motion, then I will not require disclosure of
21   any of those documents.  If I determine that some of
22   them do, then I'll order disclosure.
23       Mr. Gerstein has indicated that Attorneys Traini
24   and Lepizzera may wish to appeal such an order.  We'll
25   cross that bridge if we get to it.  They could request

1   a stay of the hearing and apply for an interlocutory
2   appeal to the Court of Appeals.  There's no sense in
3   prejudging what I would do at that point if we get to
4   that point.
5           So I'm going to require that those documents be
6   turned over to me for in camera inspection by four
7   o'clock today and the obligation to assemble additional
8   documents, if any exist that fall into that category,
9   will be ongoing.  So if additional documents are
10  discovered, counsel can supplement the disclosure to
11  me.
12          MR. GERSTEIN:  Judge, after I leave here I've
13  got a personal matter in Cambridge that can't be moved.
14  Four o'clock is not going to work for me.  Can I make
15  delivery to you by, say, nine or ten o'clock tomorrow
16  morning?
17          THE COURT:  Can't Tony and Mike get all this
18  together?  Isn't it already assembled?
19          MR. GERSTEIN:  Well, some of it is.  It's a
20  question of how do we get it, you know, electronically
21  to you I guess through Ryan.  I know that Tony and Mike
22  were both in state court today.  I don't know what
23  their afternoon schedules are or when I'll be able to
24  reach them.  Certain documents I have and once I get
25  back from Cambridge, I can shoot them by e-mail to Ryan

1     or directly to you if I have your e-mail address.  I'm
2     just saying the four o'clock deadline is going to be
3     very problematic.
4             THE COURT:  All right.  Nine o'clock tomorrow
5     morning.
6             MR. GERSTEIN:  That's fine.  Do you want them
7     sent to you or sent to Ryan?
8             THE COURT:  If you're sending them in electronic
9     form, send them to Ryan.  He can get them up here.
10            Unless you're prepared to turn those 15 pages of
11    documents over right now to Mr. Olen.  Are you?  Is
12    that what I understand?
13            MR. GERSTEIN:  I'd like to hand them over to
14    both right now and give you a copy also.
15            THE COURT:  Those will be turned over today at
16    this conference.  I'll take a copy and a copy will go
17    to both the Government and Mr. Olen.
18            Then finally, I'm going to order that the trial
19    notes of Mr. Traini and Lepizzera be turned over to
20    Mr. Olen.  So those can be copied and turned over.
21            MR. GERSTEIN:  That's just to Mr. Olen, not also
22    to the Government?
23            MR. OLEN:  I don't know if this is the right
24    time to ask to be heard on this.
25            THE COURT:  You can address that trial note

1     issue if you want.
2         MR. OLEN: I think we have a fundamental
3 disagreement, Mr. Gerstein and I, as to the scope of
4 disclosure. What Mr. Caramadre is entitled to because
5 it's his file is not co-extensive with what the Court
6 has already ordered the Government is entitled to.
7 That order was made in the context of what we had
8 argued rebutting the Rules of 1.6, Professional
9 Responsibility. And the scope of that disclosure was
10 much, much more narrow than what the Government has
11 requested. These are materials that Mr. Caramadre is
12 entitled to, certainly, because it's his file. But the
13 disclosure should not be also made to the Government if
14 it is outside the scope of the Government's --
15         THE COURT: I'm not sure the Government wants
16 his trial notes.
17         Do you want them?
18         MR. McADAMS: Doesn't matter.
19         THE COURT: So Mr. McAdams isn't asking for the
20 trial notes.
21         MR. OLEN: That's fine. I would make the same
22 statement with regard to your original order as to what
23 Mr. Gerstein -- I forget exactly what it was you said
24 to the Government and myself.
25         THE COURT: There's the 15 pages of documents.

 1          MR. OLEN: Right. Why would the Government get
 2   them?
 3          THE COURT: I understood those documents to be
 4   with -- I thought Mr. Gerstein was saying they're
 5   within the scope of the April 12th order.
 6          MR. GERSTEIN: I believe that they are, your
 7   Honor. Also, we're beyond the point of, you know, Rule
 8   1.6(b)(2) allows even if it's extra-judicial, which I
 9   don't consider this to be an extra-judicial
10   environment, allows my clients to make reasonably
11   necessary disclosures to defend themselves. Quite
12   frankly, if I wanted to take a broad reading of both
13   your decision and rule, I could have sat down with John
14   McAdams at any time I wanted to and said, "John, let me
15   give you some facts straight up about what these guys
16   will testify to, what you should ask them." I think
17   that would have been fair game under 1.6(b)(2).
18          MR. OLEN: Contrary to the Court's order.
19          MR. GERSTEIN: What I'm saying is the documents
20   I have today I think are germane and responsive to the
21   Court's order and in terms of the last conference.
22          THE COURT: So I'm going to just reiterate,
23   those 15 pages of documents, those are within the scope
24   of the April 12 order, those will be turned over both
25   to Mr. Olen, the Government, copy to myself today.

1    Trial notes turned over to Mr. Olen because Mr. McAdams
2    says the Government doesn't want them.  That's fine.
3         The rest of the materials will be submitted for
4    in camera review by nine o'clock tomorrow morning with
5    an ongoing obligation to search for any additional
6    documents that may exist.
7         And I just want to be clear about one thing.
8    The ongoing obligation of Traini and Lepizzera
9    consistent with the Rules of Professional
10   Responsibility require that the entire file be turned
11   over to Mr. Olen except subject to this process, except
12   documents that are work product.  So if there are
13   documents that are located someplace else, if they're
14   at home or they're on a computer somewhere or whatever,
15   their obligation is to turn it over unless they're work
16   product.  If they're work product, they should fall
17   into this last category I talked about.  There
18   shouldn't be anything else that's out there and that
19   are not subject to this order.  Okay?  I think that's
20   where we are.  That's what I'm ordering.
21        Does anybody else have to put anything on the
22   record?
23        MR. GERSTEIN:  I'd like to put this on the
24   record.  I'm handing over to Mr. McAdams and Randy the
25   15 pages.  I want to point out that on page number 466

1    there are two redactions.  And before everyone gets
2    excited, those redactions have to do with a medical
3    appointment for Mr. Traini and I just didn't think that
4    they were appropriately responsive or necessary to
5    include --
6            THE COURT:  That's fine.
7            MR. GERSTEIN:  Now, the next issue, Judge, since
8    we've made so much congenial progress this morning --
9            THE COURT:  Do we need this to be on the record?
10           MR. GERSTEIN:  No, I don't think we do.
11           MR. OLEN:  Judge, I want to put on the record
12   somewhat of an objection of what the Court has decided
13   to do.  I think the better approach would be to allow
14   us to view the file under a protective order.  I
15   appreciate you qualifying what I guess is a category
16   four.  I just want to make sure I understand what you
17   just said about any other materials, means that the
18   attorneys, Mr. Gerstein, have to produce essentially
19   what's in the file either to you in camera for your
20   inspection if they're claiming work product or to
21   Mr. Caramadre.  Because what I heard Mr. Gerstein to
22   say earlier is what he enumerated for you is what they
23   think is work product does not constitute the entire
24   file.  If there is another part of the file, it would
25   make this order completely --

1           THE COURT:  I think I've been really clear.  I
2     don't know that I could be any clearer with respect to
3     what is required.
4           MR. OLEN:  Do you understand the point I'm
5     trying to make?
6           THE COURT:  I understand.
7           MR. OLEN:  If there's something else there, it
8     has to go to you in camera or it has to come to me.
9           THE COURT:  That's what I just said.
10          Anything else?
11          Let's go off the record.
12          (Discussion off the record.)
13          (Chamber conference concluded at 11:20 a.m.)

C E R T I F I C A T I O N

      I, Anne M. Clayton, RPR, do hereby certify that the foregoing pages are a true and accurate transcription of my stenographic notes in the above-entitled case.

/s/ Anne M. Clayton

_____
Anne M. Clayton, RPR

April 7, 2014

_____
Date