UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 1:11-cr-00186-S |
| JOSEPH CARAMADRE, and RAYMOUR RADHAKRISHNAN | ) ) ) ) | |

## MOTION TO SUPPLEMENT THE RECORD
## PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 10(C)

Now comes the Defendant/Appellant, Joseph Caramadre, through counsel, and, pursuant to Rule 10(c) of the Federal Rules of Appellate Procedure, hereby moves this Honorable Court to supplement the record with statements made without transcription during a chambers conference which took place on January 15, 2013. See Minute Entry, 1/15/13 (Dkt. 119). This conference was unrecorded and untranscribed. Rule 10(c) therefore provides for the proper procedure to memorialize the January 15, 2013 chambers conference in order for those proceedings to become part of the record on appeal.[1]

---

[1] The contents of this Rule 10(c) Statement have previously been presented before the United States Court of Appeals for the First Circuit as part of Defendant/Appellant's Opening Brief and Defendant/Appellant's Appendix Vol. VII in United States v. Caramadre, No. 14-1019/1196, which were initially tendered to the First Circuit on September 9, 2014 and September 29, 2014, respectively. The Opening Brief and Appendix Vol. VII, however, were stricken by order of the First Circuit on October 7, 2014, because the references made to the January 15, 2013 chambers conference statements were not contained in the record on appeal. Mr. Caramadre files this motion in order to memorialize the January 15, 2013 chambers conference statements, and include them in the record on appeal.

## *The Attached Statement Is Provided Pursuant To*
## *Rule 10(c) Of The Federal Rules Of Appellate Procedure*

Fed. R. App. P. 10 (c), which is entitled "Statement of the Evidence When the Proceedings Were Not Recorded or When a Transcript Is Unavailable", states that:

> If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal.

See Fed. R. App. P. 10 (c).

In United States v. Nolan, 910 F.2d 1553, 1560 (7th Cir. 1990), the Seventh Circuit clarified Rule 10(c)'s procedure, and stated that:

> Federal Rule of Appellate Procedure 10(c) provides that when a transcript of a proceeding is unavailable, 'the appellant may prepare a statement . . . of the proceedings from the best available means. . . .' The appellant must then submit that statement to the appellee. If the appellee objects to any portion of the statement, the district court decides on the objections, and the statement then becomes part of the record.

> Nolan, 910 F.2d at 1560, citing Fed. R. App. P. 10(c) and United States v. Keskey, 863 F.2d 474, 476-78 (7th Cir. 1988).

"This procedure affords the appropriate method to augment the record and to resolve any factual disputes as to the evidence or proceedings in the trial court." United States v. Mills, 597 F.2d 693, 698 (9th Cir. 1979). ***Rule 10(c) applies to unrecorded, informal chambers conferences***. See In re Cambridge Literary Props. Ltd., 271 F.3d 348, 348 (1st Cir. 2001) (district court erred in declining to approve Rule 10(c) statement on the ground

2

that Rule 10(c) does not apply to an informal pretrial conference), citing <u>Athridge v. Rivas</u>, 141 F.3d 357 (D.C. Cir. 1998); <u>Rogan v. Menino</u>, 175 F.3d 75, 79 (1st Cir. 1999) (discussing Rule 10(c) statement approved by a district court judge that recited what had been said at an unrecorded chambers conference); <u>Barilaro v. Consolidated Rail Corp.</u>, 876 F.2d 260, 263 (1st Cir. 1989) (appellant should have utilized Rule 10(c) to memorialize pretrial conference).

### *This Rule 10(c) Statement Is Proffered In Order To Memorialize Statements That Were Made At The January 15, 2013 Chambers Conference*

The attached statement is based on counsel's contemporaneously-recorded notes from the January 15 conference, as well as counsel's recollection of the conference. The contents of the statements are necessary for the proper adjudication of Mr. Caramadre's appeal.

### *Rule 10(c) Provides The Government With The Opportunity To Object Or Make Amendments To This Statement*

Pursuant to Rule 10 (c), the Government has 14 days from the date of service of this statement to make objections or amendments. On this day, the Government has been served with the contents of this statement. At end of the 14 day period, this statement, along with the Government's objections or amendments, will be submitted to the District Court for its review and approval. It therefore has until December 8, 2014 to respond with any objections or amendments.

                    Respectfully submitted,
                    Joseph Caramadre,
                    By his attorney,

                    /s/ Randy Olen
                    _____

                    Randy Olen, Esq.
                    478A Broadway
                    Providence, RI 02909
                    (401) 274-1400
                    (401) 274-2480 (fax)

## CERTIFICATION

I hereby certify that on this 24th day of November, 2014, I caused to be delivered, via electronic delivery and hand-delivery, the within *Motion to Supplement the Record Pursuant to Federal Rule of Appellate Procedure 10(c)* and *Statement Pursuant to Rule 10(c)* to:

John P. McAdams, Esq.  
U.S. Attorney's Office  
50 Kennedy Plaza, 8th Floor  
Providence, RI 02903

Lee Vilker, Esq.  
U.S. Attorney's Office  
50 Kennedy Plaza, 8th Floor  
Providence, RI 02903

Donald Campbell Lockhart, Esq.  
U.S. Attorney's Office  
50 Kennedy Plaza, 8th Floor  
Providence, RI 02903

                    /s/ Randy Olen, Esq.
                    _____

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:11-cr-00186-S |
| ) | |
| JOSEPH CARAMADRE, and ) | |
| RAYMOUR RADHAKRISHNAN ) | |

**STATEMENT PURSUANT TO FRAP 10(C)**

On January 11, 2013, undersigned counsel filed an entry of appearance on behalf of Mr. Caramadre and a motion to stay the proceedings in order to adjudicate a (forthcoming) motion to withdraw his guilty plea. The District Court immediately scheduled a conference for January 15, 2013. The following statements were made by the District Court at the untranscribed January 15, 2013 chambers conference:

- That plea withdrawal is "very hard to do";

- That the plea in Mr. Caramadre's case was "not your average plea";

- That the first week of trial had been a "complete, unmitigated disaster for Mr. Caramadre";

- That the Government had made a "compelling, overwhelming presentation of evidence of guilt";

- That this "completely changed" the District Court's view of the case;

- That had the trial continued it would have been "a train wreck for the next three months";

- That the Government had made an "incredibly generous offer";

- That the District Court "emphasized that [Mr. Caramadre] cannot have a change of heart";

1

- That Mr. Caramadre did not plead because of his wife's breakdown, rather, "he was getting killed at trial";

- That with respect to any attempt to withdraw the guilty plea, the District Court "couldn't think of any way it would end other than disaster";

- That Mr. Caramadre would "get convicted" at trial;

- That his guideline range would be "outrageous" (life);

- That if filings were made in an attempt to withdraw the plea it would "compound his problem"; and

- That Mr. Caramadre had "done damage just by filing" the notification that he would be seeking to withdraw the plea, and that perhaps the "damage can be mitigated if he comes to his senses and this stops".

- The District Court also twice advised counsel of his "obligations to the Court not to file anything inappropriate".[1]

Respectfully submitted,
Joseph Caramadre,
By his attorney,

/s/ Randy Olen
_____
Randy Olen, Esq.
478A Broadway
Providence, RI 02909
(401) 274-1400
(401) 274-2480 (fax)

---

[1] Counsel's contemporaneously-recorded notes from the conference are attached.

2

Notes from Initial Conference
J. Smith, attys

Sentencing date

wife would not make it then

- Rocco DiSimone → much worse
- ~~[illegible]~~ w/drew plea

- very hard to do           complete unmitigated disaster
- 1st wk of trial: ~~[illegible]~~
- compelling, overwhelming pretrial of evidence of guilt
- completely changed JS view of case
- train wreck for next 3 month
- incredibly generous offer
- ~~[illegible]~~
- JS emphasized that he cannot have change of heart
- he did not plead bec of wife; he was getting killed

- obligation not to file anything inappropriate
- not your average plea

- can't think of any way it would end other than disaster
- going to get convicted

- appreciate you advising me –

- it be win
- guideline range outrageous
- Life

- If filings are made,
 - incl statement,
 - compounds his problem (higher sentence)

- comes to senses, this stops
- done damage just by filing this
 - perhaps damage can be mitigated

- my
- obligations to court

- ~~still dots to of~~

- I will be stuck on case