UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Vs. | : | CR No. 11-186-S |
| | : | |
| JOSEPH A. CARAMADRE | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION TO SUPPLEMEMENT THE RECORD UNDER RULE 10(C)

In his initial opening brief filed in the First Circuit, defendant Joseph A. Caramadre argued for the first time that this Court was biased against him and that it had prejudged his motion to withdraw his guilty plea, requiring reversal, recusal and reassignment. Caramadre relied in part on his counsel's notes of remarks that the Court allegedly made at an unrecorded chambers conference held on January 15, 2013. The government moved to strike this brief and an appendix volume containing counsel's notes and a related affidavit, on grounds that the referenced materials were not part of the record. The First Circuit granted that motion and ordered Caramadre to file a new brief that was devoid of references to the non-record materials. Caramadre did so. The government then moved the First Circuit for summary disposition, arguing (among other things) that the recusal claim is waived or at least forfeited and meritless in any event. Caramadre has not yet responded to that motion.

Now, nearly two years after the chambers conference, Caramadre has moved this Court under Fed. R. App. P. 10(c) to rule, in essence, that his counsel's notes accurately capture what was said at the conference. Although the First Circuit has indicated that a district court has discretion under Fed. R. App. P. 10(c) to approve a party's statement

1

of what transpired at such an unrecorded conference, *see In re: Cambridge Literary Properties, Ltd.*, 271 F.3d 348, 348-49 (1st Cir. 2001), *Rogan v. Menino*, 175 F.3d 75, 79-80 (1st Cir. 1999), *Barilaro v. Consolidated Rail Corp.*, 876 F.2d 260, 262-63 & n.2 (1st Cir. 1989), the Court should decline to place its imprimatur on Caramadre's one-sided version of the events. Instead, the Court should provide a more balanced statement of what happened, based on its own memory, the submissions of the parties, and other sources to which it may have access.[1]

Given the passage of time, the government's trial attorneys cannot supply verbatim quotations from the chambers conference. Upon careful review of the matter, however, they firmly believe that defense counsel's list of quotations (even if assumed to be accurate) is misleading in that it distorts the context of the discussion that day and omits other statements made by defense counsel and by the Court. From their perspective as attendees of the conference, the discussion progressed as follows:

After defense counsel noted that he would likely file a motion to withdraw Caramadre's guilty plea, the Court expressed some skepticism and asked what the grounds would be for such a motion. Defense counsel replied in substance that he was unsure what the grounds would be and that he was looking at several factors, leaving

---

[1] Rather than deny the Rule 10(c) motion outright as unduly belated or as raising an issue that is unlikely to affect the First Circuit's resolution of the pending appeal, the Court should assume *arguendo* that the motion is timely and that the issue "has relevance to [the] pending appeal." *In re: Cambridge Literary Properties, Ltd.*, 271 F.3d at 349. By addressing the motion on the merits, the Court will hopefully forestall further appellate issues and thereby conserve judicial resources. It will also head off the inevitable claim that by summarily denying the motion, it has exhibited further animus toward Caramadre.

the impression that the ultimate motion might well be weak and unsupported. In response, the Court expressed concerns about: (a) whether defense counsel fully appreciated the long history of the case predating his recent entry of appearance, including the evidence that had been presented at the aborted trial; (b) whether defense counsel and Caramadre were aware of the potential risks of filing a plea withdrawal motion if the motion proved to be unsubstantiated; and (c) whether defense counsel and Caramadre were aware of the potential risks of abandoning the protections of the plea agreement and the possible adverse sentencing consequences. Defense counsel then assured the Court that he had advised (or soon would advise) Caramadre of the possible downsides of a plea withdrawal motion.

At no time during this discussion did the Court indicate that it had already made up its mind to deny any plea withdrawal motion that was filed or that it was personally biased against Caramadre. And as the Court is well aware, it ultimately bent over backwards to give Caramadre a full opportunity to litigate that motion at several time-consuming evidentiary hearings, culminating in a lengthy opinion that addressed each factor relied upon by the defense. Caramadre's Rule 10(c) statement seems designed to convey the impression that the Court was expressing ire at the prospect that he might move to withdraw his plea. In fact, the Court was merely trying to ascertain that Caramadre and defense counsel had fully considered the potential ramifications of such a course of action, and that counsel was not providing ineffective assistance.

Because the government has objected to Caramadre's proposed Rule 10(c) statement and has proposed amendments, the rule states that the "[t]he statement and

3

any objections or proposed amendments must then be submitted to the district court for settlement and approval." Fed. R. App. P. 10(c). The rule continues: "As settled and approved, the statement must be included by the district clerk in the record on appeal." *Id*. Rule 10(e) similarly empowers a district court to resolve disputes about what occurred below. *See* Fed. R. App. P. 10(e)(1), 10(e)(2)(B); *United States v. Pagan-Ferrer*, 736 F.3d 573, 582-83 (1st Cir. 2013). Whether under Rules 10(c), 10(e), or both, the Court should decline to approve the proposed defense statement of the record and should instead issue its own statement concerning what transpired at the unrecorded chambers conference, to the extent it is able to do so. That statement should then be docketed on PACER so that it will become part of the record on appeal.

        Respectfully submitted,

        UNITED STATES OF AMERICA

        PETER F. NERONHA
        UNITED STATES ATTORNEY

        /s/Donald C. Lockhart
        DONALD C. LOCKHART
        Assistant United States Attorney
        United States Attorney's Office
        50 Kennedy Plaza, 8th Floor
        Providence, RI 02903
        (401) 709-5030
        Donald.Lockhart2@usdoj.gov

## CERTIFICATION

I hereby certify that I caused a copy of this filing to be served upon counsel of record for the defendant via the United States District Court ECF filing system this 25th day of November, 2014.

/s/ Donald C. Lockhart
DONALD C. LOCKHART
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5030