**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 1:11-cr-00186-S** |
| | ) | |
| **JOSEPH CARAMADRE, and** | ) | |
| **RAYMOUR RADHAKRISHNAN** | ) | |
| | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE**
**TO DEFENDANT'S MOTION TO SUPPLEMENT**
**THE RECORD PURSUANT TO RULE 10(C)**

The Government has filed a response to Mr. Caramadre's motion to supplement

the record, pursuant to Fed. R. App. P. 10(c). The Government's response states that "the

Court should decline to place its imprimatur on Caramadre's one-sided version of events"

of the chambers conference; rather, "the Court should provide a more balanced statement

of what happened based on its own memory, the submissions of the parties, and other

sources to which it may have access". See Government's Response at 2. Although it

notes that "the Government's trial attorneys cannot supply verbatim quotations from the

Chambers conference", id., it nonetheless believes that the list of quotations proffered by

Mr. Caramadre "is misleading in that it distorts the context of the discussion that day and

omits other statements made by defense counsel and by the Court." Id. The Government

concludes that "the Court should decline to approve the proposed defense statement of

the record, and should instead issue its own statement concerning what transpired at the

unrecorded chambers conference, to the extent it is able to do so." Id. at 4.

1

The most salient aspect of the Government's response is that it does not dispute the accuracy of the statements attributed to the District Court by Mr. Caramadre. Nor could it legitimately do so, as the statements were transcribed verbatim as they were spoken. Rule 10(c) exists for the purpose of recreating proceedings which were not transcribed; it is not a vehicle by which to "spin" a version of events which the Government may find unpalatable. To suggest the actual statements that were indisputably made should somehow be omitted from the recreated record would be contrary to the plain language and *raison d'etre* of the rule.

The Government's suggestion that "Caramadre's Rule 10(c) statement seems designed to convey the impression that the Court was expressing ire at the prospect that he might move to withdraw his plea", id. at 3, is beside the point; the statements speak for themselves. The Government is free to contest this issue should Mr. Caramadre, on appeal, seek to argue that the statements constitute evidence that the Court was biased and/or prejudged the motion to withdraw the plea. The United States Court of Appeals for the First Circuit is fully competent to interpret the record and decide the question.

Mr. Caramadre agrees that the Rule contemplates input from the District Court and welcomes any such input. To not include statements that are indisputably accurate, however, would be to distort the record. This Court should therefore include each and every contemporaneously-recorded statement in its settlement of the Rule 10(c) motion.[1]

---

[1] Mr. Caramadre notes for the record one inaccuracy in the Government's submission. Its statement that Mr. Caramadre's counsel "replied in substance that he was unsure what the grounds would be" for the motion to withdraw the plea is not accurate. Counsel informed the Court that he was not sure what *all* of the grounds would be at that time, and specifically mentioned that one of the grounds would be Mr. Caramadre's lack of competence to make the decision to plead, in light of both his own severe depression, and the exacerbation of it based on his wife's breakdown at trial.

2

Respectfully submitted,
Joseph Caramadre,
By his attorney,


/s/ Randy Olen

_____

Randy Olen, Esq.
478A Broadway
Providence, RI 02909
(401) 274-1400
(401) 274-2480 (fax)


## CERTIFICATION

I hereby certify that on this 1st day of December, 2014, I caused to be delivered, via electronic delivery, the within *Reply* to:

John P. McAdams, Esq.                          Lee Vilker, Esq.
U.S. Attorney's Office                         U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor                    50 Kennedy Plaza, 8th Floor
Providence, RI 02903                           Providence, RI 02903

Donald Campbell Lockhart, Esq.
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

/s/ Randy Olen, Esq.

_____