UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**UNITED STATES OF AMERICA**

v.   C. A. No., 1:11-CR-00186-WES-PAS

**JOSEPH A. CARAMADRE**

**DEFENDANT JOSEPH A. CARAMADRE'S MOTION TO MODIFY CONDITIONS OF SUPERVISED RELIEF DUE TO COVID-19**

Now comes the Defendant, Joseph A. Caramadre, *pro se,* and hereby moves this Honorable Court for a reduction of community service hours due to Covid-19.

BACKGROUND

On December 26, 2013, this Honorable Court signed a JUDGMENT IN A CRIMINAL CASE of the above referenced caption. Defendant was sentenced to an incarceration period of 72 months with 3 year's supervised release, restitution in the amount of $46,330,077.61, and 3,000 community service hours. The Court ordered that the community service hours "as directed and approved by the probation officer. The service shall be devoted to the terminally ill elderly in hospice or palliative care or other service for the elderly like Meals on Wheels. The defendant shall not perform any work that would bring him into contact with confidential information."

Defendant respectfully requests this Honorable Court to reduce the 3000 hours of community service due to the interruption of the Covid-19 pandemic. Many organizations, including St. Charles where Defendant was earning his community services hours, closed in March, 2020. Given that closure time and the fact that many organizations still remain closed or at low capacity today with uncertainty of fully re-opening, nearly half of Defendant's probationary period (17 months) is impacted.

1. Defendant began 3 year supervised release on August 9, 2018 and it will terminate on August 9, 2021.
2. Defendant, upon starting supervised release, had to dedicate time to arranging and starting mental health counseling as a first priority established by Department of Probation, herein referred to as DOP.
3. Due to the notoriety of Defendant's case, it took defendant several months to search for community service opportunities which were in line with what the Court specified. Defendant submitted, to the DOP, many names of charitable organizations that refused his offer of community service. Defendant was refused community service work from Meals on Wheels.
4. In or around November, 2018 defendant was able to start community service at the St. Vincent DePaul Ministry at St. Charles Church in Providence, RI. This work was approved by DOP.
5. This community service at St. Charles enabled that defendant work 3 to 4 days a week, assisting the poor and elderly.
6. Based on information and belief, from November, 2018 through December 31, 2019, defendant has worked and certified 1,326.75 community hours approved by the DOP.

1

7. Although the year 2020 started out with hopes of Defendant performing an estimated 1,200 hours, on March 12, 2020, St. Charles had to close their doors due to Covid-19 guidelines. More than four and a half months later, St. Charles reopened their doors, on a limited basis, on July 28, 2020.
8. During this four and a half month period, defendant attempted to secure other means of community service but there were no opportunities due to the coronavirus slowdown. Defendant did report this shutdown to DOP and was told to just wait until Covid guidelines will allow St. Charles to reopen.
9. Since reopening on July 28, 2020, St. Charles reduced their hours of service to only 2 days per week, per Covid guidelines. Defendant could only work 6 to 8 hours per week with the limited coronavirus schedule.
10. In November, 2020, Defendant tested positive for the coronavirus and spent nearly a month recuperating. In December, 2020, Defendant was able to return to St. Charles with the 6 to 8 hours per week work schedule.
11. For the year 2020, 340 total hours of community service hours were performed by defendant.
12. The total hours performed and certified by DOP from November 2018 through the year 2020 is 1,666.75.
13. At present and for the foreseeable future, St. Charles has only allowed volunteer hours spanning 6 to 8 hours per week.
14. In an effort to follow this Court's order, defendant has attempted to work with elderly, however, with the risk of Covid it has been difficult to procure supplementary or additional community service hours.
15. With the 1,666.75 hours completed through 2020, it leaves 1,333.25 hours to be completed through termination date of 8/9/2021. With approximately 28 hours performed for January 2021, this leaves a balance 1,305.25 hours to be completed in approximately the next 26 weeks. This would mean Defendant would have to complete in excess of 50 hours per week to fulfill the 3,000 hours. Availability in the community to volunteer those hours simply does not exist at this time due to the Covid-19 slow down and state guidelines.
16. At present, and due to the unprecedented Covid-19 and Rhode Island's guidelines, it will be virtually impossible to reach the 3,000 hours by August, 2021. St. Charles cannot determine if they will be allowed to resume preCovid services and thereby Defendant is limited to 6 to 8 hours per week going forward, which would approximately 230 hours until termination date.

Due to the above reasons, defendant respectfully request that this Honorable Court either 1) reduce the total community services from 3,000 to 1,896 which would account for the loss in opportunity due to the Covid-19 pandemic and include the 6 to 8 hours per week that St. Charles will accept help going forward; or alternatively 2) accept as fulfillment of the sentence the hours completed as they are by the termination of the sentence in August, 2021 which will account for all of Defendant's efforts to find and serve the community, including the 6 to 8 hours per week going forward at St. Charles, as well as seeking out other opportunities.

In summary, Defendant respectfully requests that his community service hours sentence be reduced to reflect the following:
    a. Losing three months in securing and starting community service.
    b. Coronavirus closing down St. Charles for four and a half months.
    c. Defendant's loss of time during his own battle with the coronavirus.
    d. The limited availability in both organization options and hours available to defendant with the Covid slowdown since March, 2020.
    e. The unfavorable prospects of attaining additional or supplemental community service between now and August 9, 2021.

      Wherefore Defendant Joseph Caramadre respectfully requests this Honorable Court to grant a reduction of community service hours to 1,896 total from the original 3,000 or alternatively accept hours served by the termination date as fulfillment of the sentence.

DATED: January 29, 2021

Respectfully submitted,<br>
Joseph A. Caramadre,<br>
*Pro se*<br>
90 Beechwood Drive<br>
Cranston, RI 02921<br>
joe@eprworld.com<br>
401-573-1162

## CERTIFICATION OF SERVICE

      I hereby certify that on January 29, 2021, I electronically filed the foregoing document with the Clerk of the Court and the document is available for viewing and downloading from the court's CM/ECF system. All counsel of record have been served by electronic means. Additional copies of the foregoing document were by email on the date of the filing.

/s/ Joseph A. Caramadre